■ STEVEN RZEZNIK, Respondent, v. EAST COAST INSURANCE COMPANY, Appellant, et al., Defendants.— In an action, *inter alia*, for a declaratory judgment, defendant East Coast Insurance Co. appeals, as limited by its brief, from so much of an order-judgment of the Supreme Court, Nassau County, dated April 26, 1971, as granted, in part, plaintiff's motion for summary judgment, i.e., to the extent of declaring that said defendant is required to defend plaintiff in a pending negligence action under the terms of the automobile liability insurance policy which it had issued to plaintiff and that, in the event of a recovery in the negligence action against plaintiff herein, said defendant will be required to pay the amount of the recovery, subject to the limits of the policy. Order-judgment reversed insofar as appealed from, without costs, and motion denied in its entirety. Subdivision 8 of section 167 of the Insurance Law requires an insurer intending to disclaim liability for bodily injury arising out of a motor vehicle accident occurring within this State to give written notice of such disclaimer to the insured "as soon as is reasonably possible." As construed in *Allstate Ins. Co.* v. *Gross* (27 N Y 2d 263), the statute lays down an unconditional rule requiring unreasonableness as a standard for delay in denying liability. "The statute provides a flexible time limit on disclaimer of liability * * * but a time limit nevertheless" (*Allstate Ins. Co.* v. *Gross, supra,* p. 269). The question of unreasonableness is one of fact depending upon the circumstances of each case, or one of law if the delay is extreme. In our opinion, the nearly three and a half month delay in notification of disclaimer of liability in this case is not so extreme as to be deemed unreasonable as a matter of law. Thus, the question of unreasonableness is one of fact and its existence precludes the granting of plaintiff's motion for summary judgment. To be considered in resolving this issue are "the circumstances of the case which make it reasonable for the insurer to take more or less time to make, complete, and act diligently on its investigation of its coverage or breach of conditions in its policy" (*Allstate Ins. Co.* v. *Gross, supra,* p. 270). Hopkins, Acting P. J., Latham, Shapiro, Gulotta and Benjamin, JJ., concur.