■ In the Matter of the Arbitration between ALLCITY INSURANCE COMPANY, Appellant, and DIMITRIOUS SIOUKAS, Respondent.—Judgment, Supreme Court, New York County, entered on July 2, 1975, denying petitioner's motion to stay arbitration, unanimously reversed, on the law, without costs and without disbursements, and vacated, and the motion to permanently stay respondent from proceeding to arbitration as against appellant granted. The record amply supports appellant's claim that it provided no insurance coverage for the respondent until the coverage of the primary insurance carrier was exhausted. Special Term so found but held that appellant was estopped from raising the issue of lack of coverage based upon a failure to serve a timely notice of disclaimer. We disagree. Respondent was covered by an insurance policy issued by another carrier but he failed to timely file a claim against it. Nothing appellant did prevented such filing. Respondent's rights against the primary carrier were not prejudiced nor in any way interfered with by appellant. And since it did not have a policy affording coverage to the respondent until the primary coverage had been exhausted, it had no duty to serve a notice of disclaimer upon the respondent or upon his highly experienced attorneys. (See *State Farm Mut. Auto. Ins. Co. v Elgot,* 48 AD2d 362.) Concur—Murphy, J. P., Lupiano, Silverman, Capozzoli and Nunez, JJ.

■ VIDALS INC. et al., Appellants, v GEROSA-PALLADINO CORPORATION, Respondent.—Order, Supreme Court, Bronx County, entered May 9, 1975, denying plaintiffs' motion to stay and enjoin sale by defendant of its interest in a certain third-party mortgage, unanimously affirmed. Respondent shall recover of appellants $40 costs and disbursements of this appeal. The assignment of the mortgage was plainly an assignment as collateral security, and thus the excess of the value or face amount of the mortgage over the amount of the loan is immaterial in determining whether the loan was usurious. The contention that the loan was really to the individual plaintiff rather than to the corporate plaintiff is not supported by sufficiently clear evidence to warrant a temporary injunction. Concur—Murphy, J. P., Lupiano, Silverman, Capozzoli and Nunez, JJ.