ROSE M. PREISCH, Individually and as Administratrix of the Estate of Richard O. Preisch, Deceased, Respondent, v CONTINENTAL CASUALTY COMPANY, Appellant, and HARVEY H. PFENNIG, INC., et al., Respondents. (Appeal No. 1.)

ROSE M. PREISCH, Individually and as Administratrix of the Estate of Richard O. Preisch, Deceased, Respondent, v CONTINENTAL CASUALTY COMPANY, Respondent, and HARVEY H. PFENNIG, INC., et al., Appellants. (Appeal No. 2.)

Fourth Department, December 17, 1976

*O'Shea, Adamson, Reynolds & Napier (Philip J. O'Shea* of counsel), for Continental Casualty Company.

*Jaeckle, Fleischmann & Mugel (J. Edmund DeCastro, Jr.,* and *Eugene J. Smolke* of counsel), for Harvey H. Pfennig, Inc., and another, appellants.

*Terry D. Smith* for Rose M. Preisch, respondent.

MAHONEY, J. This is an appeal from two orders of the Supreme Court, Niagara County which (1) granted judgment in favor of plaintiff, Rose M. Preisch, against defendant, Continental Casualty Company (Continental), declaring Continental's disclaimer of liability invalid and directing it to pay plaintiff the sum of $366,781.05, with interest and (2) denied summary judgment against Continental which had been sought by the defendants, Harvey H. Pfennig, Inc. (Pfennig, Inc.) and Clarence D. Wagner (Wagner). This action was commenced by a summons and complaint dated May 20, 1975, the pertinent allegations of which were that the plaintiff was the widow and administratrix of Richard O. Preisch who died as the result of injuries sustained in an automobile accident on November 8, 1971 when his vehicle collided with another owned by Pfennig, Inc. and operated by Wagner; that prior to the date of the accident Continental issued an indorsement to a policy of insurance entitled "Umbrella Excess Third Party Liability Policy" naming, among others, Pfennig, Inc. as a named insured; that said policy was excess insurance over and above a policy of insurance issued to defendant Pfennig, Inc. by Lumbermen's Casualty Company (Lumbermen's). An action was commenced by plaintiff against Pfennig, Inc. and Wagner seeking damages for the wrongful death of Richard O. Preisch, which action resulted in a jury verdict on December 5, 1973 in favor of plaintiff and against both defendants in the sum of $401,320. Thereafter, judgment was entered in favor of the

plaintiff against both Pfennig, Inc. and Wagner on March 22, 1974 in the total sum of $466,781.05 and a copy of said judgment with notice of entry was served by mail on the attorneys for the defendants. An appeal was taken by the defendants and the judgment was affirmed by us on October 18, 1974 *(Preisch v Harvey H. Pfennig, Inc.,* 46 AD2d 741). Pursuant to the terms of its policy, Lumbermen's partially satisfied the judgment to the extent of $128,583.70, leaving unsatisfied a judgment of $338,197.35. Continental asserts effective disclaimer of liability to defendant Pfennig, Inc., alleging that it did not receive timely and proper notice of the accident or of the lawsuit which sought to recover damages. Continental received written notice of the accident and suit no later than December 7, 1973 but has not yet given written notice of such disclaimer to plaintiff or to the infants or their guardians. The only written notice of disclaimer ever given to any of the attorneys for plaintiff by Continental was in a letter to plaintiff's attorney dated April 7, 1975. On March 24, 1975 a copy of the afore-mentioned judgment was served on Continental; more than 30 days have elapsed since said service; and the balance of the judgment remains unsatisfied. Because of the failure of Continental to give written notice of the disclaimer pursuant to section 167 of the Insurance Law plaintiff asks for judgment in the amount stated.

Plaintiff, in a second cause of action, alleges that defendant Wagner was an "insured" under the policy issued by Continental and that he was not given written notice of disclaimer by Continental prior to May 14, 1974; that she received no written notice other than a letter of disclaimer written to her attorney on April 7, 1975; and that Continental did not give notice as soon as reasonably possible, as a result of which it was obligated to pay the unsatisfied judgment against Wagner, and that Continental is similarly obligated relative to Pfennig, Inc. The complaint alleges a fourth and fifth cause of action asserting that the disclaimers of Continental are invalid.

After denying material allegations of the complaint Continental in its answer, which contained a cross claim against Pfennig, Inc. and Wagner, set forth five affirmative defenses, namely (1) that the policy contained certain conditions relative to the obligation of the insured to give written notice of an accident and requiring the forwarding of any notice of claim and summons to it; that compliance with this condition was a precedent to its liability under the policy; that defend-

ants Pfennig, Inc. and Wagner failed to comply and forfeited coverage; that their broker wrote a letter to Continental advising of the impending trial which was not received until after said trial; that plaintiff was bound by the afore-mentioned acts which resulted in a forfeiture of coverage for Pfennig, Inc. and Wagner precluding recovery and that Continental, as soon as was reasonably possible, notified the insureds in writing that it denied coverage; (2) that failure of plaintiff to protect her rights under Continental's policy amounted to a waiver; (3) that plaintiff's fault caused or contributed to the failure of the named insureds to comply with the conditions of defendant's policy and that subdivision 8 of section 167 of the Insurance Law, is inapplicable; (4) that plaintiff, in lieu of an undertaking to stay execution of the judgment, was given an assignment of the stock of Pfennig, Inc., or other property which had value in excess of the amount of said judgment still unpaid; that this assignment was conditioned upon said judgment being affirmed on appeal and, since the judgment was affirmed, the plaintiff is not an unsatisfied judgment creditor and lacks standing to maintain this action.

Defendants Pfennig, Inc. and Wagner in answer to the cross claim admitted that Continental received written notice of said accident, claim and suit no later than December 7, 1973, and further alleged that Continental received notice by or on behalf of the insureds through agents of Continental on November 8, 1971.

On plaintiff's motion for summary judgment on its first cause of action against Continental, a supporting affidavit by the local claims manager for Lumbermen's, the primary insurer, was submitted which stated that he had issued a draft in behalf of the company in the amount of $128,583.70 to satisfy its obligation under its policy in partial satisfaction of plaintiff's judgment. A motion for summary judgment was also made by defendants Pfennig, Inc. and Wagner on supporting pleadings alleging that Pfennig, Inc. and Wagner, at the time of the accident, were also (in addition to Lumbermen's) insureds under an excess third-party liability policy issued by Continental, running from October 30, 1970 to October 30, 1973 with a liability limit of $1,000,000. On November 8, 1971 the president of Pfennig, Inc. personally called Continental's agent, which had issued the insurance policy, and advised it of the accident; and he again called the agency on November 30,

1973. The president of Pfennig, Inc. added that he believed that no notice of the purported disclaimer pursuant to subdivision 8 of section 167 of the Insurance Law was ever given by Continental to the plaintiff and that no assignment or transfer of shares of Pfennig, Inc., or other property which had or has a value in excess of the amount of said unsatisfied judgment, has been made. He further alleged that plaintiff Rose Preisch is a judgment creditor, and Pfennig, Inc. and Wagner are judgment debtors.

Continental in its opposing affidavit states that it first became aware of the accident on December 5, 1973 when it received a letter from its insurance agent which was dated November 30, 1973. On December 6, 1975 the affiant read in a local newspaper of a verdict rendered in favor of plaintiff for the sum stated. Thereafter, he checked and found that Continental had an umbrella policy covering Pfennig, Inc.; that Continental disclaimed coverage by a certified letter dated January 18, 1974; and that the receipts of this disclaimer were signed by Pfennig, Inc. and Wagner. Continental was served on March 24, 1975 with a copy of the judgment entered by the plaintiff, and on April 7, 1975 the affiant informed plaintiff's attorney by letter that Continental did not intend to pay the unpaid balance of the judgment.

We consider first whether Continental's disclaimer was valid as to the plaintiff, since no written notice of the same was given to the injured person and other claimants. Subdivision 8 of section 167 of the Insurance Law provides as follows: "If under a liability policy delivered or issued for delivery in this state, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident or any other type of accident occurring within this state, *it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant."* (Emphasis added.)

Continental contends that this section does not apply to it inasmuch as it was an excess insurance carrier and, if it does apply, the notice requirement is only an absolute rule when uninsured motorist rights might be jeopardized by the failure to comply. It would seem that the wording of the statute is clear and unequivocal. It contains no exclusion or exception.

It is not contested that written notice of disclaimer was never given to the injured person or claimant, defendant

relying upon a letter which it wrote to the plaintiff's attorney on April 7, 1975, approximately 16 months after Continental had received notice. In the absence of ambiguity of the statute itself, the 16-month delay here was unreasonable as a matter of law. In *Allstate Ins. Co. v Gross* (27 NY2d 263, 266) the court, in considering subdivision 8 of section 167 of the Insurance Law, stated, "Its literal language requires prompt notice of disclaimer after decision to do so, and * * * there. is imported the obligation to reach the decision to disclaim liability or deny coverage promptly too, that is, within a reasonable time". The court held, in effect, that an absolute rule with respect to unreasonably delayed disclaimers had been established and that to require a showing of prejudice by the injured party would be superfluous. Continental contends that subdivison 8 of section 167 of the Insurance Law applies only in cases arising out of the Motor Vehicle Accident Indemnification Law. This would seem to be a strained interpretation when one considers that the section in question is placed in the Insurance Law under article VII entitled "The Insurance Contract" and that it was included within several sections which apply to *all* insurance contracts written in the State of New York. Section 167 itself is entitled "Liability insurance; standard provisions; right of injured person". The attempt by Continental to interpret legislative intent in evading responsibility under this section results in strained and tortuous reasoning which we cannot adopt in considering the intent of the Legislature, particularly where, as here, the terminology is clear, concise and seemingly incapable of meaning anything except that which it states so clearly. The statute being clear and unequivocal and the defendant Continental having failed to give the mandated notice to *all* the claimants, there was no valid disclaimer as to the injured person or any other claimant.

Considering whether Continental's disclaimer was invalid as to the defendants Pfenning, Inc. and Wagner, Special Term stated, "Whether the notice of disclaimer of liability and denial of coverage given to Pfennig, Inc. in Continental's letter of January 18, 1974 complied with the requirement of reasonably prompt notice under Insurance Law, § 167(8) is a question of fact". We agree. It was stated in *Rzeznik v East Coast Ins. Co.* (39 AD2d 722) that, "[t]he question of unreasonableness is one of fact depending upon the circumstances of each case, or one of law if the delay is extreme". Special Term

properly concluded that the delay was not unreasonable as a matter of law as between the insured and its excess carrier, and that a question of fact existed.

Continental further contends that plaintiff is not a judgment creditor within the meaning of paragraph (b) of subdivision 1 of section 167 of the Insurance Law because of the agreement which she entered into with Pfennig, Inc., which agreement was properly characterized by Special Term when it stated: "The documents submitted merely show that plaintiff has obtained a contingent security interest in the corporation's stock pending the outcome of litigation already begun by Pfennig, Inc. against Continental * * * It definitely does not constitute a full final and certain satisfaction of plaintiff's unpaid judgment."

Special Term properly found that the agreement in question may only bar an action between the parties to the agreement and in no way constitutes or precludes an action against a stranger thereto. The agreement cannot reasonably be interpreted to be one which would deprive the plaintiff of her status as a judgment creditor.

The orders should be affirmed.

MARSH, P. J., MOULE and CARDAMONE, JJ., concur, SIMONS, J., not participating.

Order, in Appeal No. 1, unanimously affirmed with costs to plaintiff.

Order, in Appeal No. 2, unanimously affirmed.