OPINION OF THE COURT
Gabrielli, J.
This case calls for our interpretation of subdivision 3 of *457 section 167 of the Insurance Law as amended by chapters 616 and 617 of the Laws of 1976. Prior to the enactment of these amendments that section had excluded from automobile liability insurance coverage (unless the policy expressly provided otherwise) "liability of an insured because of death of or injuries to his or her spouse or because of injury to, or destruction of property of his or her spouse”. This provision applied both to direct suits between spouses and to actions where a third party, upon being sued by the injured spouse, impleaded the insured spouse under the principles of indemnification and contribution (State Farm Mut. Auto. Ins. Co. v Westlake, 35 NY2d 587).
In order to overcome the impact of Westlake upon inter-spousal suits and resulting satellite claims, and upon the recommendation of the Law Revision Commission, the Legislature amended the exclusion contained in subdivision 3 of section 167 to provide, by chapter 616 of the Laws of 1976, that the exclusion would "apply only where the injured spouse, to be entitled to recover, must prove the culpable conduct of the insured spouse”. It was then further provided that the act was to take effect immediately. However, by chapter 617 of the Laws of 1976, the Legislature promptly amended chapter 616 to provide that the amendment to subdivision 3 of section 167 of the Insurance Law was to take effect on August 1, 1976, and "apply to all causes of action arising on or after such date.” The issue presented here is whether the amendment affects third-party actions commenced after August 1, 1976, but involving accidents that occurred prior to that date.
The facts giving rise to the present controversy can be simply stated. Plaintiff Louis Mandéis was the owner-operator of an automobile involved in a collision on May 30, 1976. His wife, Sophie Mandéis, was a passenger and suffered injuries. In October, 1976, she commenced suit against the owner and operator of the other vehicle, and the defendants in that action impleaded Louis Mandéis by service of a third-party summons and complaint on or about November 17, 1976.
Plaintiff requested that his auto liability insurer, Liberty Mutual Insurance Company, defend and indemnify him in the third-party action. Liberty disclaimed, asserting that the recent amendments to subdivision 3 of section 167 apply only when the accident involved occurred after August 1, 1976. *458 Plaintiff thereupon commenced this action for a declaration of his insurer’s obligation under the policy.
Plaintiff would have us interpret these amendments to require his insurer to defend any third-party action commenced after August 1, 1976, regardless of when the underlying accident occurred. Under this theory insurers would be responsible for defending third-party claims arising from accidents that occurred prior (and in some cases several years prior) to the amendments, at a time when such an insurer had no liability under the existing statutory scheme. This result would necessarily occur since the applicable Statute of Limitations for third-party actions does not begin to run until the judgment in the main action has been paid (see Bay Ridge Air Rights v State of New York, 44 NY2d 49).
The 1976 amendments do not specifically mention or refer to third-party claims; their focus is limited to direct suits between spouses. It is clear that the provision establishing the effective date also refers to this main cause of action, which arises immediately upon the occurrence of the accident; and it necessarily follows that the amendment by chapter 617, insofar as it affects an insurer’s obligation to respond to a third-party claim, is likewise limited to those situations where the main claim or cause of action arises on or after such date. Thus, the amendments to subdivision 3 of section 167 of the Insurance Law apply only where the accident giving rise to possible liability occurred on or after August 1, 1976; and for accidents occurring before that date the rule of Westlake excludes third-party suits from insurance coverage.
A contrary result would be an illogical interpretation of the legislative change and indeed would provide for inequitable results. To say that the Legislature addressed itself to the main tort cause of action in its substantive enactment but then spoke to the third-party cause of action in establishing the effective date is an interpretation that is both unrealistic and unreasonable, and will not be adopted. Where, as here, the Legislature clearly set the effective date, we are required to follow that mandate (cf. Becker v Huss Co., 43 NY2d 527).
It follows, therefore, that since the accident here involved occurred prior to August 1, 1976, the Appellate Division correctly determined that defendant Liberty Mutual Insurance Company had no obligation to defend or indemnify plaintiff.
*459 Accordingly, the order appealed from should be affirmed, with costs.
Chief Judge Breitel and Judges Jasen, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed.