## Home Indemnity Company, Appellant, v State Farm Mutual Automobile Insurance Company et al., Respondents.

Third Department, November 2, 1978

## APPEARANCES OF COUNSEL

*Kramer, Wales & McAvoy (Donald Kramer* for counsel), for appellant.

*Chernin & Gold (John F. Artman* of counsel), for State Farm Mutual Automobile Insurance Company and another, respondents.

*Perot & Sullivan (Remy R. Perot* of counsel), for Barbara Whittaker and another, respondents.

*Donald G. Walls* for Mark Larson, respondent.

## OPINION OF THE COURT

SWEENEY, J.

This action arises out of an automobile accident which occurred on June 13, 1970. Plaintiff seeks herein a declaratory judgment that it has no duty to defend or indemnify defendant Larson in the underlying negligence actions. The trial court found to the contrary and this appeal ensued.

There is no substantial dispute about the pertinent facts. Plaintiff issued an insurance policy to Jack Larson, the father of defendant Mark Larson, in which it agreed to defend and indemnify any relative of Jack Larson operating a nonowned vehicle with permission or reasonably believed to be with permission of its owner. Defendant Larson was the operator of such a vehicle which was insured by defendant State Farm Mutual Automobile Insurance Company, when he was involved in an accident resulting in injuries to certain occupants of the vehicles on June 13, 1970. By letter dated August 14, 1970, the attorneys for one of the injured parties notified plaintiff that one of its insureds was involved in an accident and, furthermore, that a question existed as to whether its insured was operating the vehicle with permission of its owner. On October 13, 1970 plaintiff wrote its insured asking for information concerning the accident. Mark Larson and his father brought the letter to plaintiff's agent who had sold the policy to Jack Larson and the agent made certain notations on the letter and it was then returned to plaintiff. Plaintiff took

no further action and after three years, as was its custom, it destroyed the file. On March 27, 1974 defendant Larson's private counsel wrote plaintiff requesting it to undertake the defense of the actions commenced against Larson in May and October of 1972. Such request presumably instigated. the instant action.

Basically it is plaintiff's contention that it is not obligated to defend or indemnify because it was not given timely notice of the commencement of the actions in question. We disagree and are to affirm. Section 167 (subd 1, par [d]) of the Insurance Law provides that any notice required by an insurance policy be given "as soon as was reasonably possible". It is significant that the statute does not differentiate between notice of accident and notice of suit. The policy in question required immediate forwarding to the company of every demand, notice, summons or other process received by the insured or his representatives. Concededly, plaintiff was given timely notice of the accident. A resolution of the controversy, therefore, narrows to whether the delayed notice of commencement of the actions relieves plaintiff from its contractual obligation to defend and indemnify defendant Larson. In *Lauritano v American Fid. Fire Ins. Co.* (3 AD2d 564, 571, affd 4 NY2d 1028), wherein the effect of a delayed notice of accident was compared to the consequences resulting from a delayed notice of suit, the court, in substance, stated that immediate notice of suit is by no means of comparable value to the carrier as prompt notice of the accident, the former being less likely to cause irremediable harm. We find no such irremediable harm in the present case. The notice of accident provided plaintiff additional information pertaining to the question of Mark Larson's permission to drive the automobile. Such notice, in our view, afforded plaintiff ample time and opportunity to investigate the accident and the various issues. Plaintiff failed to do anything, and, consequently, should not be heard to claim prejudice in order to avoid liability.

Furthermore, plaintiff had the duty to timely disclaim in writing (Insurance Law, § 167, subd 8). Considering the record in its entirety, we are of the conclusion that plaintiff has clearly failed to comply with this requirement *(Allstate Ins. Co. v Gross,* 27 NY2d 263). The judgment declaring that plaintiff has a duty to defend defendant Mark Larson and to indemnify him with respect to the accident of June 13, 1970 should, therefore, be affirmed.

The judgment should be affirmed, with costs.

HERLIHY, J. (dissenting). While questions of indemnity and the duty to defend often involve issues of "notice" and prompt disclaimer as per the policy provisions, there are also cases which involve the fundamental question of when the policy extends coverage. The present case falls into this latter group.

The policy herein extends coverage as to the operation of nonowned vehicles but only as an excess carrier. In the case of *Matter of Allcity Ins. Co. v Sioukas* (51 AD2d 525, affd on opn below 41 NY2d 872) it was noted that a notice of disclaimer was not necessary unless it was first established that the facts invoking policy coverage were in existence. Accordingly, a mere notice of suit or of accident would not invoke a right on the part of the insured to coverage as to an excess carrier. The present record does not contain facts which would establish a reasonable necessity to disclaim coverage in order to protect against established rights of an insured or the public.

It should be observed that it is the understanding of all of the parties that the cross claim of State Farm Mutual Automobile Insurance Co. repudiating coverage by it as to Mark Larson was not considered and, accordingly, not decided. From the present record there are factual issues yet to be resolved between the parties and which may be determinative of the rights and responsibilities of the present litigants.

The judgment should be reversed, and judgment entered in favor of the appellant to the extent of declaring that upon the present record it is not *now* required to defend Mark Larson or provide coverage for the 1970 accident, without prejudice to such further proceedings as the defendants might be advised to bring upon the basis of subsequent events.

MAHONEY, P. J., and MIKOLL, J., concur with SWEENEY, J.; LARKIN and HERLIHY, JJ., dissent and vote to reverse in an opinion by HERLIHY, J.

Judgment affirmed, with costs.