■ FOREMOST INSURANCE COMPANY, Appellant, v SETIRI SOTIRIOU et al., Respondents, et al., Defendants.—In an action, *inter alia,* to declare that the plaintiff is not obligated to defend or indemnify Setiri Sotiriou in an action arising out of an accident which occurred on September 3, 1973, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County, entered July 14, 1977, which, *inter alia,* granted the respondents' motion for summary judgment and denied the plaintiff's cross motion for summary judgment. Order and judgment affirmed, with $50 costs and disbursements. Since the accident out of which the respondents' tort claim arose took place before August 1, 1976, it is settled that the plaintiff was entitled to disclaim under subdivision 3 of section 167 of the Insurance Law, as construed in *State Farm Mut. Auto. Ins. Co. v Westlake* (35 NY2d 587) (see *Mandels v Liberty Mut. Ins. Co.,* 45 NY2d 455). The plaintiff, however, having undertaken the defense of the third-party claim in question, contends that it failed to disclaim for 10 months because the state of the law in this area was unsettled and its access to information was limited since it is an out-of-State carrier with no offices in New York. Subdivision 8 of section 167 of the Insurance Law provides: "If under a liability policy delivered or issued for delivery in this state, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident or any other type of accident occurring within this state, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant." The reasons given for the delay by the plaintiff are insufficient to overcome the mandates of the statute. We agree with Special Term that the delay was unreasonable and prevents the plaintiff from disclaiming now. As the Court of Appeals has said: "The statute provides a flexible time limit on disclaimer of liability or denial of coverage, but a time limit nevertheless. The limit depends merely on the passage of time rather than on the insurer's manifested intention to release a right as in waiver, or on prejudice to the insured as in estoppel * * * The statute lays down an unconditional rule" *(Allstate Ins. Co. v Gross,* 27 NY2d 263, 269-270). We find no merit in the plaintiff's argument that subdivision 8 of section 167 does not apply to this case. Unlike the amendment to subdivision 3 of section 167 which effectively extended coverage in circumstances not contemplated in the original insurance contract, subdivision 8 of section 167

directly affects only the procedure to be followed in disclaiming. Here the third-party claim was interposed after the effective date of the amendment to that section which extended its coverage to "any other type of accident", meaning accidents other than those involving motor vehicle accidents and claims advanced against MVAIC. The plaintiff could have avoided any duty under its policy by a timely disclaimer and it has not been prejudiced by the application of the amendment to this case. Hopkins, J. P., Damiani, Gulotta and Hawkins, JJ., concur.