■ REGIONAL TRANSIT SERVICE, INC., Appellant, v KEMPER INSURANCE COMPANIES et al., Respondents.—Order unanimously reversed, with costs, and motion granted, in accordance with the following memorandum: Appellant, Regional Transit Service, moved for summary judgment in this declaratory judgment action against respondent, its general liability insurer, Lumbermens Mutual Casualty Company (Lumbermens). Special Term denied the motion without prejudice to renew once respondent had a reasonable opportunity to conduct discovery proceedings. The accident that underlies this action occurred on May 6, 1977. Respondent was immediately notified and soon thereafter began an investigation. In July appellant forwarded to respondent a notice of claim filed by the injured party. Not until February, 1978, however, did respondent question whether the accident was covered by the policy in effect between the parties. On April 26, 1978, approximately one month after receiving the summons in the underlying action, Lumbermens informed appellant that it was of the opinion that the accident was not a covered occurrence. Subdivision 8 of section 167 of the Insurance Law requires an insurer to give written notice of a disclaimer of liability or denial of coverage to the insured "as soon as is reasonably possible". This requirement is not met by a reservation of rights no matter how timely asserted *(Allstate Ins. Co. v Gross, 27 NY2d 263)*. Here Lumbermens was aware of the possibility of suit and the theory of recovery at least as early as July, 1977 when it received the notice of claim. By its own admission respondent has shown that more than 15 months after it received the notice of claim it had not yet formally disclaimed coverage. The attempted reservation of rights is of no consequence and the delay is unreasonable as a matter of law (see *Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028; *Allstate Ins. Co. v Gross, supra*). Accordingly, appellant's motion for summary judgment is granted insofar as it concerns Lumbermens' duty to defend and indemnify, if liability is established against appellant insured. (Appeal from order of Monroe Supreme Court—summary judgment.) Present—Cardamone, J. P., Simons, Schnepp, Doerr and Witmer, JJ.