■ MICHAEL ZAPPONE et al., Respondents, v HOME INSURANCE COMPANY, Appellant, and IVAN BELYNA, an Infant, et al., Respondents. — Appeal from a judgment of the Supreme Court in favor of plaintiffs, entered February 22, 1980 in Saratoga County, upon a decision of the court at a Trial Term, without a jury. The question to be resolved on this appeal is whether subdivision 8 of section 167 of the Insurance Law, which requires that a liability insurer give written notice as soon as is reasonably possible of its disclaimer of liability or denial of coverage, applies where, under the terms of the insurance policy, there is no coverage. The facts are not in dispute. On July 20, 1975, a 1966 Mercedes Benz driven by plaintiff Michael Zappone and owned by his sister, plaintiff Judith Zappone, was involved in a collision which caused bodily injury to third parties and, in November of 1975, two of the injured parties commenced legal action against Michael and Judith Zappone to recover damages. The insurer of the Mercedes Benz, Aetna Insurance Company (Aetna), undertook their defense to this action and has offered to settle the matter up to the limits of its policy. At the time of the accident, Judith Zappone also owned a 1970 MG which was insured by the defendant Home Insurance Company (Home). In addition, Home insured a Chevrolet automobile owned by Dominick Zappone, the father of Michael and Judith. For many years prior to the incident, the Zappones lived together in the same household at Mechanicville, New York. On January 6, 1976, they notified Home of the accident which had occurred on July 20, 1975. Two weeks later Home responded that the policies issued to Judith and Dominick Zappone might not afford coverage, but that it would investigate the incident. However, it was not until April 14, 1977, some 15 months later, that Home forwarded a letter to Dominick and Judith Zappone advising them that their policies did not provide excess coverage beyond Aetna's primary responsibility because the Mercedes Benz was neither an "owned automobile" nor a "non-owned automobile" under the terms and definitions of the Home policies. In September of 1979 the within action for a declaratory judgment was commenced seeking, among other things, a determination that the denial of coverage was invalid and in violation of subdivision 8 of section 167 of the Insurance Law and that the Zappones are entitled to excess coverage by Home. The trial court found that the 15-month delay by Home was "unreasonable, untimely, invalid and ineffective" to relieve it of an obligation to defend and indemnify the Zappones. This appeal ensued. At the time of the accident, subdivision 8 of section 167 of the Insurance Law provided as follows: "If under a liability policy delivered or issued for delivery in this state, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident occurring

within this state, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant." The requirements of this subdivision have been interpreted liberally on numerous occasions, and it is well established that if there is an unreasonable delay in giving notice of disclaimer by the carrier, such notice is ineffective *(Hartford Ins. Co. v County of Nassau,* 46 NY 1028, 1029; *Allstate Ins. Co. v Gross,* 27 NY2d 263, 266). Moreover since the wording of the statute is clear and unequivocal, with no exceptions or exclusions, it applies to excess as well as primary insurers *(Preisch v Continental Cas. Co.,* 55 AD2d 117, 121, mot for lv to app den 41 NY2d 802; cf. *Home Ind. Co. v State Farm Mut. Auto. Ins. Co.,* 64 AD2d 212). A delay of 15 months in the notification process is plainly unreasonable. Indeed, a delay of only two months has been held unreasonable as a matter of law (see *Hartford Ins. Co. v County of Nassau, supra,* p 1030). However, in the instant case, we are faced with a considerably different legal question. Here, under the terms of the Home policies, there never was any coverage from the time the contracts of insurance were first written. The Mercedes Benz was not described in either policy. Thus, it was not an "owned vehicle." Since the vehicle was regularly and frequently used by Michael Zappone for business and social functions, coverage was not furnished by Home as a "non-owned" automobile *(McMahon v Boston Old Colony Ins. Co.,* 67 AD2d 757, 758). Therefore, the use of the Mercedes Benz by Michael was not insured by Home. That being so, it would be completely illogical to require that an insurer give notice under these circumstances. We believe that the term "denial of coverage" refers to those instances in which insurance covering the event could be said to exist but for some nonpayment of premiums, cancellation, or other exclusion that would arguably defeat such coverage. It cannot be thought that the Legislature intended to impose an obligation to insure when no contractual relationship existed in the first instance. The mischief resulting from a contrary interpretation is self-evident and needs no further comment. *Preisch v Continental Cas. Co.* (55 AD2d 117, *supra)* and *Home Ind. Co. v State Farm Mut. Auto. Ins. Co.* (64 AD2d 212, *supra),* relied upon by plaintiffs, are clearly distinguishable and factually inapposite. Accordingly, there must be a reversal. Judgment reversed, on the law, with costs, and judgment directed to be entered declaring that Home Insurance Company was not required to give notice of denial of coverage to any of the plaintiffs under subdivision 8 of section 167 of the Insurance Law and that the policies of insurance issued to plaintiffs Zappone by Home Insurance Company were not in effect and did not provide coverage for the incident of July 20, 1975. Mahoney, P.J., Kane and Herlihy, JJ., concur.

Sweeney and Casey, JJ., dissent and vote to affirm in the following memorandum by Casey, J. Casey, J. (dissenting). The majority, after recognizing that the wording of subdivision 8 of section 167 of the Insurance Law is "clear and unequivocal", with "no exclusion or exception" *(Preisch v Continental Cas. Co.,* 55 AD2d 117, 121, mot for lv to app den 41 NY2d 802), nevertheless construes the statute's unconditional requirement that an insurer notify its insured of its denial of coverage as inapplicable where the policy affords no coverage. Notably, there is no citation of authority for this novel statutory construction, and in our view, had the Legislature intended such a result it would not have used the phrase "deny coverage" in the statute. It is undisputed that the liability policies in question were delivered or issued for delivery in this State by defendant Home, that plaintiffs Judith and Dominick Zappone were the named insured on those policies, and that

the policies were in effect on the date of the accident. Accordingly, there existed the contractual relationship of insurer and insured required by the statute. It is also undisputed that the named insureds gave notice to defendant Home, seeking coverage for bodily injury arising out of a motor vehicle accident occurring within this State, and that defendant Home sought to deny coverage on the ground that the automobile involved in the accident was not covered by the policies. Under such circumstances, the clear and unequivocal language of the statute requires notice of the denial of coverage as soon as is reasonably possible. "The statute lays down an unconditional rule" *(Allstate Ins. Co. v Gross,* 27 NY2d 263, 270) and it contains no exception dependent upon the basis for the denial of coverage, as the majority concludes. The notice requirement of subdivision 8 of section 167 does not apply where coverage is terminated due to cancellation of the policy long before the happening of the accident *(Perez v Hartford Acc. & Ind. Co.,* 31 AD2d 895, 896) or where the insured took some action that effectively terminated the policy prior to the accident *(State Farm Mut. Auto. Ins. Co. v Elgot,* 48 AD2d 362, 364). However, that is not the situation here; rather, defendant Home argues that an insurer need not give notice of its denial of coverage whenever the policy does not provide coverage. This sophistic argument is contrary to existing case law, as well as the plain language of the statute. The courts have consistently held the notice requirement applicable despite the existence of provisions that clearly operated to preclude coverage in the first instance. Thus, for example, notice has been required where an insurer denies coverage pursuant to subdivision 3 of section 167 of the Insurance Law, which provides that a liability policy does not cover injuries to the insured's spouse unless the policy expressly so provides (see *Security Ins. Group v Priestly,* 61 AD2d 795; see, also, *Foremost Ins. Co. v Sotiriou,* 66 AD2d 812). The notice requirement has also been applied where the denial of coverage was based upon an insurer's assertion that "the accident was not a covered occurrence" within the meaning of the policy *(Regional Tr. Serv. v Kemper Ins. Cos.,* 73 AD2d 1036), and where the insurer sought to avoid coverage based upon a provision in the policy that precluded coverage for nonowned vehicles used in a business *(Newman v Ketani,* 54 AD2d 926). Here, the defendant Home simply asserts that the vehicle involved in the accident did not meet the definition of an owned or nonowned vehicle contained in the policy. There is no basis for distinguishing this case from those cited above.* Defendant Home's argument that requiring a liability insurer to give reasonably prompt notice of its denial of coverage where the policy plainly provides no coverage somehow places an intolerable burden on the insurer has a hollow ring. The insurer drafts the policy and is clearly in the best position to determine whether there is coverage under that policy. Where the policy plainly provides no coverage, it is a simple matter for the insurer to promptly so inform its insured. Its burden under such circumstances is clearly less than where coverage is questionable, requiring the insurer to investigate. As noted by the trial court, the statute requiring a liability insurer to give its insured and the injured parties reasonably

---

* While the provisions of the policy in *Newman* could be characterized as an exclusion, the provisions in the other cases were, like the definition of owned and nonowned vehicle herein, delineations of the scope of coverage afforded by the policy. In any event, the effect of these cases was to create coverage by virtue of the insurer's failure to comply with subdivision 8 of section 167 of the Insurance Law where none existed in the first instance, and dissatisfaction with such a result appears to be at the heart of the majority's decision.

prompt notice of its disclaimer of liability or denial of coverage (Insurance Law, § 167, subd 8) contains no exception where the insurance policy plainly provides no coverage, and there is no basis in case law or logic for construing the statute as containing such an exception. The 15-month delay by defendant Home in giving the required notice is unreasonable *(Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028; *Preisch v Continental Cas. Co., supra)*, and the judgment should, therefore, be affirmed.