■ HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellant, v INSURANCE COMPANY OF NORTH AMERICA et al., Defendants, and MANHASSET VISITING NURSE SERVICE, Respondent. — In an action, *inter alia,* to declare that defendant Insurance Company of North America, and not plaintiff, is obligated to defend defendant Manhasset Visiting Nurse Service in an action brought by defendant Johnson against defendants Buttafouco and Manhasset Visiting Nurse Service, plaintiff appeals from stated portions of an order of the Supreme Court, Queens County, dated July 2, 1980, which, *inter alia,* granted defendant Manhasset Visiting Nurse Service's motion for summary judgment. Order affirmed insofar as appealed from, with $50 costs and disbursements. Special Term erred in holding that an exclusion of liability in an insurance policy for "bodily injury * * * due to * * * the furnishing * * * of * * * medical * * * or surgical supplies or appliances" did not comprehend injuries allegedly sustained by defendant Johnson by respondent's furnishing her a defective wheelchair. However, we are constrained to affirm because of plaintiff's delay in disclaiming liability more than nine months after the commencement of the Johnson action. Subdivision 8 of section 167 of the Insurance Law* requires written notice of disclaimer to be given as soon as reasonably possible, which plaintiff failed to do (see *Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028, mot for rearg den 47 NY2d 951; *Zook v Hartford Acc. & Ind. Co.,* 64 AD2d 701, 702). Plaintiff's delay in disclaiming, plus its undertaking to defend respondent in the Johnson action, also estop it from asserting that the facts alleged in the Johnson action fall outside the scope of its policy coverage (see *Schiff Assoc. v Flack,* 51 NY2d 692). Hopkins, J.P., Damiani, Lazer and Thompson, JJ., concur.

---

* The effective date of this provision (the sixtieth day after August 9, 1975 [L 1975, ch 775, § 1]) was after the underlying accident but before commencement of the Johnson action. The provision is therefore applicable (see *Foremost Ins. Co. v Sotiriou,* 66 AD2d 812, 813).