OPINION OF THE COURT
Robert P. Kennedy, J.
Plaintiff, against whom an action was brought to recover for personal injuries by Timothy and Love Petroff, commenced an action for declaratory judgment against the defendant requesting judgment that defendant is liable under a policy of liability insurance described in the complaint to furnish legal counsel and defend the plaintiff in a personal injury action as defendant, and that defendant herein is required to hold plaintiff herein harmless against any and all liability to plaintiff as defendant in the personal injury action, and that defendant herein is liable to pay any judgment which may be rendered in said action brought against him for personal injuries. Plaintiff here moves for summary judgment for the relief requested in the complaint and defendant herein cross-moves for summary judgment in its favor.
From the evidence submitted on the motion, I find that in July, 1975 plaintiff contacted an agent of defendant for the purpose of acquiring insurance on a 1973 GMC Astro *705 tractor, which he was in the process of buying; that he specifically requested from the agent a form of trucking insurance known as “bobtail” coverage, knowing that such insurance afforded coverage only when the tractor was not pulling a trailer behind it. That is the type of insurance issued by defendant to plaintiff.
The tractor was involved in a motor vehicle accident on May 10, 1976. Prior to the accident plaintiff sold the tractor to one Dechau and gave him permission to continue operating the tractor on his, plaintiff’s, registration. At the time of the accident Dechau was operating the tractor and pulling a trailer for another corporation. Plaintiff read of the accident in the newspaper, contacted Dechau and learned that the tractor was hauling a trailer for another company at the time of the accident, that there was damage to the tractor but did not learn of any claim of personal injury.
The accident was reported to defendant May 11, 1976 and defendant negotiated with Petroffs’ attorneys from about March 6, 1978 to April 11, 1979. Defendant admits that it had the information regarding the personal injuries claim for at least two years before notifying plaintiff. On April 9, 1979 defendant wrote plaintiff that he had no coverage under the policy. Plaintiff first learned of the claim for personal injuries when he was served with Petroffs’ summons and complaint.
Plaintiff did not advise the agent that the truck was being sold and was going to be operated on plaintiff’s plates prior to the accident.
Plaintiff made a claim for collision damage to the tractor under the policy and the claim was paid by defendant.
There was also evidence presented on this motion to the effect that the State of New York and the New York State Thruway Authority made a claim against plaintiff, claiming the right to recover damages for destruction of property as a result of the accident and that as a result of such claim defendant did pay the claim to the State and New York State Thruway Authority under the policy of liability insurance issued by defendant to plaintiff.
*706 Plaintiff claims herein that since defendant did not comply with subdivision 8 of section 167 of the Insurance Law and give him timely notice of disclaimer, it cannot now disclaim.
Plaintiff also claims that because the defendant paid the State’s property damage claim it cannot now claim noncoverage.
Defendant’s position is that it was not required to comply with said section because there was no coverage under the policy, that although coverage existed for the tractor, under an exclusion contained in the policy, there was no coverage under the facts here.
Zappone v Home Ins. Co. (80 AD2d 661), cited by the defendant, is distinguishable. In Zappone the vehicle in question was never insured by Home. Here, the tractor was in fact insured by defendant. Noncoverage is claimed here because of an exclusion contained in the policy issued to plaintiff. As was said by the majority in Zappone (p 662), “We believe that the term ‘denial of coverage’ [as used in subdivision 8 of section 167 of the Insurance Law] refers to those instances in which insurance covering the event could be said to exist but for some nonpayment of premiums, cancellation, or other exclusion that would arguably defeat such coverage. It cannot be thought that the Legislature intended to impose an obligation to insure when no contractual relationship existed in the first instance.” (Emphasis supplied.)
Here, such a relationship existed.
The court in Schiff Assoc. v Flack (51 NY2d 692, 697) said, “We start our analysis by noting that the coverage under the policies in this case is not merely what is found under the heading ‘insuring agreement’. Just as this clause affirmatively indicates the coverage which is included, so does the ‘exclusion’ clause tell us expressly what is not. In policies so drawn, the protection the insured has purchased is the sum total, or net balance, however one labels it, of a coming together of the two. For it is not either alone, but the combination of both, which defines the scope of the protection afforded — no more and no less.” Continuing on page 698, the court, in discussing “coverage”, said, “So, *707 where the issue is the existence or nonexistence of coverage (e.g., the insuring clause and exclusions)”.
This is the meaning of the word “coverage” as used in subdivision 8 of section 167 of the Insurance Law requiring, therefore, notice of disclaimer when coverage is denied pursuant to an exclusion contained in the policy. In sum, under the facts of this case, as found herein, defendant was required to give the notice mandated by subdivision 8 of section 167 of the Insurance Law and it failed to do so as required by that section.
“Normally the question whether a notice of disclaimer of liability or denial of coverage has been sent ‘as soon as it is reasonably possible’ is a question of fact which depends on all the facts and circumstances, especially the length of and the reason for the delay (see Allstate Ins. Co. v Gross [27 NY2d], at p 270). It is only in the exceptional case that it may be decided as a matter of law.” (Hartford Ins. Co. v County of Nassau, 46 NY2d 1028, 1030.)
Such is the case now before the court and I find that defendant did not comply with said section. Although plaintiff claims that he has been prejudiced by the defendant’s delay in disclaiming, prejudice is not required when subdivision 8 of section 167 has not been complied with (Allstate Ins. Co. v Gross, 27 NY2d 263). This is not estoppel in the traditional sense but, rather, preclusion brought about by failure to comply with the statute.
As to plaintiff’s claim that because defendant paid the property damage claim of the State and Thruway under the same policy, it is now estopped from claiming noncoverage, under the common law, only where prejudice is shown by adequate proof is the insurer estopped from asserting noncoverage (Western World Ins. Co. v Jean & Benny’s Rest., 69 AD2d 260). There is adequate proof of such here. Therefore, under other circumstances, defendant would be precluded from claiming noncoverage for failing to comply with subdivision 8 of section 167 of the Insurance Law and would be estopped from claiming non-coverage because it had paid the property damage claim.
However, the foregoing notwithstanding, in justice and in equity plaintiff should not now be permitted to claim *708 that defendant is precluded from asserting noncoverage nor should he be permitted to rely on defendant’s estoppel 'and to require defendant to defend him and respond in damages in the event damages are recovered against him.
As between plaintiff and defendant, plaintiff’s actions, inaction and silence put him in the position in which he now finds himself. Prior to the accident he, in fact, sold the vehicle but permitted his registration to remain on it. The fact that the vehicle was registered in plaintiff’s name at the time of the accident is presumptive evidence that he owned it but it is not conclusive proof of title (People v Sapienza, 51 Misc 2d 786) and is rebuttable (Britt v Perry, 64 Misc 2d 655). A certificate of title is prima facie evidence (Vehicle and Traffic Law, § 2108, subd [c]).
Prior to the accident, plaintiff decided to get out of the trucking business altogether and to sell the truck to one Dechau. Dechau took over the payment on the vehicle, he arranged a new loan for such at the bank in the amount still due and plaintiff cosigned Dechau’s note at the bank. The title and registration were not changed at the time because “there was a little time left on the plate and so he was going to renew them in his name”. When asked why the registration and insurance were not transferred to Dechau, plaintiff said, “He didn’t have anything, any money to speak of and I had known him some and he was an eager boy to really get started and I tried to belp him out.”
. In one of the affidavits submitted by plaintiff on this motion, it is admitted that “[t]he plaintiff sold the vehicle to one Richard Dechau in Gebruary [sic] 1976. Dechau took possession of the vehicle and used it in his trucking business”. Dechau had his own trucking company and used the vehicle in his business. At the time of the accident, Dechau was pulling a trailer for another company. No notice of the sale to Dechau was ever given to defendant prior to the accident.
The time of passage of title to the vehicle was a matter of intention between the parties (see Southern Fire & Cas. Co. v Teal, 287 F Supp 617, 620-621; Bornhurst v Massachusetts Bonding & Ins. Co., 21 NY2d 581). Transfer of *709 registration is not necessary to effect a transfer of title in ah automobile (Motors Ins. Corp. v Safeco Ins. Co. of Amer., 412 SW2d 584, 585 [Ky]).
Here, transfer was clearly shown by all the acts of the parties (Pugh v Hartford Ins. Group, 68 Misc 2d 1014).
Subdivision 1 of section 420 of the Vehicle and Traffic Law says, “Upon the transfer of ownership or the destruction of a motor vehicle, motorcycle or trailer, its registration shall expire; and the seller, or the owner in case of destruction, shall remove the number plates from the vehicle.”
“ ‘ “No one shall be permitted to profit by his own fraud, or to take advantage of his own wrong, or to found any claim upon his own iniquity, or to acquire property by his own crime. These maxims are dictated by public policy, have their foundation in universal law administered in all civilized countries, and have nowhere been superceded by statutes’” (Carr v. Hoy, 2 N Y 2d 185, 187)” as cited in McConnell v Commonwealth Pictures Corp. (7 NY2d 465, 469).
Had plaintiff complied with the law his registration plates would not have been on the tractor at the time of the accident. No action would have been brought against him and Dechau, before operating the tractor on the highways, would have been required to obtain insurance coverage and register it in his own name.
The policy in question provided coverage for the vehicle owned by plaintiff. There was no coverage under the policy and no contractual relations existing between Dechau and defendant. Had plaintiff not violated the law there would have been no requirement nor necessity for defendant to disclaim coverage since the policy would have been terminated prior to the accident. Defendant has been severely prejudiced by plaintiff’s actions.
Plaintiff is now estopped from claiming defendant is precluded or estopped from disclaiming coverage.
“One party to a transaction may be denied the right to estoppel against the other party by reason of certain facts which create an estoppel against himself; the doctrine applied in this situation is characterized as one of counter *710 estoppel, or estoppel against estoppel. The effect of such doctrine is that two estoppels may destroy each other.” (21 NY Jur, Estoppel, Ratification, and Waiver, § 71.)
The effect of such doctrine here is that because of plaintiff’s actions he is estopped from claiming defendant is precluded and estopped from denying coverage. That being the case, defendant can assert that under the circumstances of this accident the policy excluded coverage. It is clear from the evidence submitted on this motion that there was no insurance coverage under plaintiff’s policy issued by the defendant to plaintiff under the circumstances here.
Plaintiff’s motion for summary judgment, as aforesaid, is denied. Defendant’s cross motion for summary judgment dismissing plaintiff’s complaint on the ground that it lacks merit is granted.