Gabrielli, J.
(dissenting). I dissent because I see no reason to fail to give effect to the plain language of subdivision 8 of section 167 of the Insurance Law.
The statute provides that an insurer seeking to disclaim liability or deny coverage for death or bodily injuries arising out of an accident occurring within this State, under a liability policy delivered or issued for delivery in this State, must give written notice of such disclaimer or denial as soon as is reasonably possible. If the insurer fails to meet this requirement, an attempted disclaimer of liability or denial of coverage will not be given effect (see, e.g., Allstate Ins. Co. v Gross, 27 NY2d 263 [where seven-month delay occurred in notifying insured of disclaimer of liability, insurer was required to defend and indemnify its insured]; see, also, Hartford Ins. Co. v County of Nassau, 46 NY2d 1028).
As the majority notes, an insurer may seek to deny coverage (as opposed to disclaiming liability) in two situations; (1) where a person or vehicle involved in an accident is covered by the policy, but an exclusion in the policy negates coverage or (2) where the person or vehicle involved is simply not covered by the policy.[1] In interpreting the statutory language, the majority concludes that the former situation involves a “denial of coverage” within the meaning of the statute, but the latter does not. I believe this interpretation is erroneous, as it conflicts directly with the plain language of the statute. The latter situation no less involves a denial of coverage than the former, and the majority provides no rationale for distinguishing the two.
The goal of the courts in interpreting statutes is to give effect to the legislative intent (Rankin v Shanker, 23 NY2d 111, 114; Matter of New York Post Corp. v Leibowitz, 2 NY2d 677, 685), and this intent is first to be sought from a *141 literal reading of the statute itself (Department of Welfare of City of N. Y. v Siebel, 6 NY2d 536, 543, app dsmd 361 US 535; Meltzer v Koenigsberg, 302 NY 523). “A statute must be read and given effect as it is written by the Legislature, not as the court may think it should or would have been written if the Legislature had envisaged all the problems and complications which might arise in the course of its administration” (Lawrence Constr. Corp. v State of New York, 293 NY 634, 639, quoted in Allen v Minskoff, 38 NY2d 506, 511). In the present case, the majority departs from the literal wording of the statute and construes the statute in accordance with the presumption that no unjust or unreasonable result was intended. I disagree that the result of giving effect to the statute as written is unjust or unreasonable. It is reasonable and entirely plausible that the Legislature has determined that once an insurer issues a liability policy, it will bear the responsibility of notifying the insured under that policy, in a reasonably prompt manner, whether a particular accident is covered. That the insurer is in the best position to interpret these sometimes complex documents is clear, and it seems entirely rational to require it to do so. Surely, it may properly be presumed that when the Legislature used the words “deny coverage”, it contemplated that in some instances it would be requiring an insurer to deny coverage where none existed because the event simply was not covered by the contract. To more narrowly interpret the statute frustrates this wholly legitimate legislative purpose.
Moreover, the “unreasonable result” of giving effect to the statute as written, and as perceived by the majority — bringing within the policy a liability for which no premium had been received by the insurer and for which the insurer never contracted[2] — is not eliminated by the narrow interpretation of the requirement of reasonably prompt notice of *142 a denial of coverage. That result is simply limited to fewer situations, i.e., those in which the denial of coverage arises from an exclusion in the policy. Thus, the majority explains that where the policy covers the person and vehicle involved in the accident, but a policy exclusion comes into play to negate coverage, for example, because the person injured is an employee of the insured whose injury arose in the course of his employment, the insurer is required to comply with the terms of the statute. In this situation, of course, the effect of a failure to give prompt notice of a denial of coverage is to impose a liability on the insurer for which it received no premium and as to which it made no contract. I fail to perceive why the result is less unreasonable under these circumstances. Moreover, as to the insurer’s argument that a decision adverse to it will result in an expansion of the coverage it believed it was providing when it calculated its premium, it should also be noted that the experience factor is an integral part of the long-range rate-fixing process to which insurance companies are subject (see Country-Wide Ins. Co. v Wagoner, 45 NY2d 581, 587-588 [automobile accident indemnification indorsement]; Becker v Huss Co., 43 NY2d 527, 541-542 [workers’ compensation]).
Finally, comment is in order on the cases relied upon by the majority. First, I note that the present case does not involve a mere extension of Schiff Assoc. v Flack (51 NY2d 692), as the majority appears to believe. Schiff deals with the question of a disclaimer of liability under a set of facts and a contract of insurance as to which subdivision 8 of section 167 of the Insurance Law is patently inapplicable. The notice requirement of subdivision 8 of section 167 applies only if the insurer is seeking to disclaim liability or deny coverage for “death or bodily injury arising out of a motor vehicle accident or any other type of accident occurring within this state”. In Schiff, on the other hand, the litigation as to which the insured sought defense and indemnification involved willful and malicious usurpation of a trade secret. Secondly, other cases referred to by the majority as not undermining its conclusions do not necessarily support them either. Subdivision 8 of section 167 requires notice of a denial of coverage only when the *143 insured-insurer relationship exists. When a policy has been terminated or canceled, there is no predicate for application of the statute (e.g., Perez v Hartford Acc. & Ind. Co., 31 AD2d 895, affd 26 NY2d 625 [policy canceled long before happening of the event]; State Farm Mut. Auto. Ins. Co. v Elgot, 48 AD2d 362 [liability policy “terminated” upon sale of insured vehicle]; Matter of Allcity Ins. Co. [Sioukas], 51 AD2d 525, affd 41 NY2d 872 [the insurer “did not have a policy affording coverage to the (insured) until the primary coverage had been exhausted”]).
Accordingly, I dissent and vote to reverse the order of the Appellate Division.
Judges Jasen, Jones and Wachtler concur with Judge Meyer; Judge Gabrielli dissents and votes to reverse in a separate opinion in which Chief Judge Cooke and Judge Fuchsberg concur.
Order affirmed.

. As to the other situation noted by the majority, i.e., where the policy has been canceled or terminated, I note that the statute apparently would not be applicable in such a case, since the insured-insurer relationship no longer exists.

. The result of the application of subdivision 8 of section 167 of the Insurance Law is certainly no more unreasonable than the result of an insurer’s failure to effectively terminate an automobile liability policy pursuant to subdivision 1 of section 313 of the Vehicle and Traffic Law. We have held, for example, that where the notice of cancellation fails to strictly comply with the statute, it is ineffective to cancel the policy (see Matter of Liberty Mut. Ins. Co. [Stollerman], 70 AD2d 643, affd on mem below 50 NY2d 895). If the attempted notice of cancellation were for failure to pay a premium, a liability is created where it no longer exists under the contract and for which no premium has been received. I find the two situations to be logically indistinguishable.