■ Scott R. John et al., Respondents, v Centennial Insurance Company, Appellant. — Appeal from a judgment of the Supreme Court at Special Term (Cholakis, J.), entered December 4, 1981 in Albany County, which granted plaintiffs' motion for summary judgment and awarded judgment in the sum of $100,000, plus interest, costs and disbursements. On or about the third day of July, 1977, Scott R. John and James A. Coulter were struck by a boat on Paradox Lake. The boat was operated by Emery J. Dergosits, and as a result of the accident John was seriously injured and Coulter was killed. At the time of the accident, Dergosits was the holder of a homeowner's insurance policy issued by defendant Centennial Insurance Company (Centennial), which was in effect from May 21, 1977 to May 21, 1978. Concededly, the accident was reported to Centennial very shortly after its occurrence and was investigated by Centennial almost immediately. By letter dated August 3, 1977, and significantly long before any complaint had been served, Centennial's senior claims adjuster advised Mr. Dergosits that the Glastron Carlson watercraft propelled by an 80-horsepower Mercury outboard engine was excluded from coverage by reason of coverage E & F subletter 1b under the "Exclusions" provision of the policy. Concededly, Centennial did not send written notice or give any notice of its denial of coverage to John or to Coulter's representative, who are plaintiffs in this action. With a letter bearing an August 2, 1977 date, Dergosits' personal attorney forwarded a copy of a summons in the action instituted on behalf of Scott John to Centennial and with a letter dated October 3, 1977 forwarded to Centennial the summons and complaint in the action commenced by Agnes J. Coulter, as administratrix of the goods, chattels and credits of James A. Coulter. Both enclosures were returned to Dergosits by Centennial. Plaintiffs' actions proceeded to trial and on March 21, 1980, a judgment, upon a jury verdict, was entered against Dergosits in the joined actions in the total sum of $134,120. When the judgment remained unsatisfied after 30 days, plaintiffs commenced the instant action pursuant to subdivision 8 of section 167 of the Insurance Law (hereafter all references are to Insurance Law) by the service of a summons accompanied by a notice of motion for summary judgment in lieu of a complaint. By decision dated July 23, 1980 and order of July 31, 1980, Special Term denied the relief sought holding that the procedure was impermissible under the circumstances prevailing and it directed plaintiffs to serve a complaint. The direction was promptly complied

with and Centennial then answered setting forth the exclusions in the policy as an affirmative defense. Plaintiffs again moved for summary judgment and on this occasion Special Term granted summary judgment for the reason that Centennial had failed to give plaintiffs or their representatives the required written notice of its intent to disclaim. After granting reargument, Special Term adhered to its original decision save for limiting recovery to an amount not exceeding the policy limits. On appeal, Centennial contends that by reason of the exclusion in the policy it was not required to give notice to the injured parties as provided for in subdivision 8 of section 167, that assuming, *arguendo,* that subdivision 8 applies, recovery is limited to the actual costs incurred in securing the judgment sued on, and that summary judgment was improperly granted because it should have been afforded the opportunity through discovery to ascertain whether there was primary insurance coverage in place at the time of the incident such that it was an excess carrier and whether the underlying judgment was fraudulently obtained. It also contends that factual issues as to whether plaintiffs' actual knowledge of Centennial's disclaimer precluded the grant of summary judgment. Before addressing these issues we first turn to plaintiffs' assertion that Centennial's disclaimer letter of August 3, 1977 to Dergosits was not sufficiently specific to constitute proper notice so as to comply with the statute. We acknowledge that such a notice must promptly apprise the claimant with a high degree of specificity of the grounds upon which the disclaimer is predicated (*General Acc. Ins. Group v Cirucci,* 46 NY2d 862, 864). While the notice is hardly an example of excellence, nonetheless it was promptly served and, though the policy exclusion was not properly identified by number, it did apprise the insured that the basis for the disclaimer was that at the time of the accident the watercraft was being propelled by an outboard engine the capacity of which exceeded 50 horsepower, and, as a consequence, fell within an exclusion in the policy. Accordingly, we conclude that the notice met the requirements and fulfilled their purpose. Turning to Centennial's contentions, subdivision 8 of section 167 provides, in pertinent part: "If under a liability policy * * * an insurer shall disclaim liability or deny coverage for death or bodily injury * * * it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and *the injured person or any other claimant*" (emphasis added). Centennial's argument that they were not required to give notice because of the exclusion in the policy is without merit. In its recent interpretation of subdivision 8 in *Zappone v Home Ins. Co.* (55 NY2d 131), the Court of Appeals held that the Legislature, in using the words "denial of coverage" in subdivision 8 of section 167, did not intend to require notice when there never was any insurance in effect, and intended by that phrase to cover only situations in which a policy of insurance that would otherwise cover the particular accident is claimed not to cover it because of an exclusion in the policy. This is precisely the situation at bar. There was insurance in effect at the time of the accident and the insurer took the position that the particular accident was not covered by reason of a policy exclusion. Hence, it is clear that Centennial was required to give written notice, not only to its insured but to the injured parties as well. In sum, subdivision 8 requires written notice to the injured party when the insurer relies upon an exclusion, but no notice is required where there is noncoverage in the first instance (*Zappone v Home Ins. Co., supra,* p 138), and *Zappone's* clear holding obviates the necessity for us to pursue Centennial's other contentions as to what the Legislature intended. Centennial next contends that, assuming, *arguendo,* there has been a breach of subdivision 8, the damages are limited to the costs incurred in securing the underlying judgment. Foundation for this notion is sought from the idea that this should be the

rule because in a nonmotor vehicle case the only right violated by failing to give notice to the injured party is the right to decide whether to incur the expense of bringing an action against the insured and that such plaintiffs have no alternative remedy as would a motor vehicle accident victim who might obtain relief under the Motor Vehicle Accident Indemnification Law. When a similar limiting notion was advanced wherein it was contended that subdivision 8 applied only to those cases arising out of the Motor Vehicle Accident Indemnification Law, the court held that: "This would seem to be a strained interpretation when one considers that the section in question is placed in the Insurance Law under article VII entitled 'The Insurance Contract' and that it was included within several sections which apply to *all* insurance contracts written in the State of New York. Section 167 itself is entitled 'Liability insurance, standard provisions; right of injured person' " (*Preisch v Continental Cas. Co.,* 55 AD2d 117, 122). We hasten to agree. The statute clearly calls for notice without reservation or limitation and is incapable of the meaning Centennial would ascribe to it in its attempt to evade or limit its responsibility. There has been a clear breach of Centennial's duty to these plaintiffs and they are entitled to the full benefits provided by the policy (*Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028, 1029). Lastly, in asserting that Special Term erred in improperly granting summary judgment, Centennial first argues that questions of fact exist as to whether plaintiffs, though not given written notice, had actual knowledge of its disclaimer or denial of coverage which would, it contends, excuse its failure to provide the written notice. Again Centennial seeks to impose an interpretation clearly without substance. The statute mandates written notice. It is "clear and unequivocal" with "no exceptions or exclusions" (*Zappone v Home Ins. Co.,* 80 AD2d 661, 662, affd 55 NY2d 131, *supra*). Centennial's further contentions that it should have been permitted the opportunity for discovery because the judgment may have been obtained through the process of a "friendly" lawsuit and that there is reason to believe the incident may have been covered by another insurer with the result that Centennial may have been an excess carrier are without merit. To successfully defeat a motion for summary judgment an opposing party must come forth with specific and detailed allegations substantiated by evidence in the record; mere conclusory assertions will not suffice (*Freedman v Chemical Constr. Corp.,* 43 NY2d 260). Moreover, it is presumed, in the absence of evidence to the contrary, that a court of general jurisdiction has proceeded within the general scope of its powers and this presumption of regularity attaches with particularity to judicial proceedings in which, as here, the jurisdiction of the tribunal is unquestioned (21 NY Jur, Evidence, § 106). Centennial, either through its own neglect or in taking a calculated risk, has lost, and it cannot now further delay plaintiffs' recovery while it seeks to check out its suspicions as to issues concerning which it could have protected itself during the early stages of the matter. Judgment affirmed, with costs. Mahoney, P. J., Sweeney, Main, Weiss and Levine, JJ., concur.