■ COUNTY OF NASSAU, Appellant-Respondent, v. ROYAL GLOBE INSURANCE Co., Respondent-Appellant.— In an action by an insured against its insurer for a judgment declaring the insurer's disclaimer of obligations to plaintiff under the insurance policy was improper, (1) plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County, dated November 8, 1972, as denied its motion for summary judgment, and (2) both parties appeal from a second order of the same court, dated February 6, 1973, which denied plaintiff's motion for reargument and defendant's cross motion to reargue its previous cross motion for summary judgment. Appeals from order dated February 6, 1973 dismissed. No appeal lies from an order denying a motion to reargue (*Pray* v. *Lagee Constr. Corp.*, 29 A D 2d 948). Order dated November 8, 1972 reversed insofar as appealed from, on the law, plaintiff's motion for summary judgment granted and it is declared that defendant's disclaimer of obligations to plaintiff under the insurance policy in question was improper. Plaintiff is awarded a single bill of $20 costs and disbursements to cover all the appeals. The County of Nassau (plaintiff) and Ralph Jannotta, Inc. entered into a contract for the improvement of Atlantic Avenue in the Incorporated Village of Lynbrook. Pursuant to its obligations under the contract, Ralph Jannotta, Inc. obtained a policy of bodily injury liability insurance from the Royal Globe Insurance Company. The policy named the county as insured and requires the insurer to pay on behalf of the insured all sums which the insured shall become legally obligated to pay arising out of certain defined hazards. The portion of the policy defining the hazards insured against provides: " Operations performed for the named insured [i.e., the County of Nassau] by independent contractors * * * *if the accident occurs in the course of such operations*" (emphasis supplied). A pertinent indorsement to the policy provides: " This policy covers the operations by Ralph Jannotta, Inc., his sub-contractors and any person directly or indirectly employed by Ralph Jannotta, Inc., in conjunction with [the Atlantic

Avenue improvement] ". It appears that the widening of Atlantic Avenue required that certain water pipes be moved prior to the widening. In this connection, the Long Island Water Corporation, a municipal entity, was granted a permit by the county to perform the required operations. The Long Island Water Corporation in turn hired S. T. Grand, Inc. to perform the work as its contractor. During the course of the work S. T. Grand, Inc. damaged the sidewalks abutting Atlantic Avenue. The sidewalks were to be kept open during the course of construction. On August 19, 1963 one Helen Cosgrove tripped and fell on a sidewalk near the construction site and sustained injuries. She filed a notice of claim with the county and on October 25, 1963 the county sent a copy of the notice of claim to the insurer, with a letter requesting it to appear and defend the county since the accident appeared to have occurred in connection with the Atlantic Avenue project. The insurer did not answer the letter. On February 24, 1964 the county was served with a summons and complaint. In that action, Cosgrove named as defendants the County of Nassau, the Long Island Water Corporation, S. T. Grand Inc., Ralph Jannotta, Inc. and the Incorporated Village of Lynbrook. On March 3, 1964 the county informed the insurer of the Cosgrove action, referred to its unanswered letter of October 25, 1963 and requested that the insurer acknowledge receipt of the pleadings and further acknowledge that the insurer would appear and defend the action on the county's behalf. The insurer retained a law firm to appear and defend the county and that firm sent a proposed notice of appearance and answer to the county for verification. The answer did not interpose a cross claim on behalf of the county against the other defendants in the Cosgrove action. The county objected to the absence of such a cross claim by letter dated May 6, 1964. The letter adds: " Such cross-complaint will be unnecessary, if when the answer is corrected and returned, we are notified in writing that the County of Nassau will be completely indemnified and held harmless for the amount of any judgment that will be covered herein." On May 19, 1964 the insurer, and not counsel retained for the county, advised in a letter against the interposition of a cross claim, on the theory that a battle between the defendants in the Cosgrove action would work only to the benefit of the plaintiff therein. The letter further states: " It is certainly our intention to defend the County of Nassau *within our coverage* to the best of our ability and * * * [*we*] *fail to see any need to enter into a separate agreement outside of the insurance policy to hold harmless and indemnify* " (bracketed word and emphasis supplied). Trial of the Cosgrove action commenced on March 3, 1969. At the close of the entire case, but before its submission to the jury, the action was dismissed as against Ralph Jannotta, Inc., on the theory that its operations had had nothing whatever to do with the creation of a defective sidewalk condition.[1] The jury went on to return a verdict against the remaining defendants, including the county.[2] However, the insurer disclaimed liability to the county, claiming that once Ralph Jannotta, Inc. was no longer in the case the insurer's obligations were ended, because the policy covered only the operations of Ralph Jannotta, Inc. and did not extend to some other theory by which the

1. The action was also dismissed as against the Incorporated Village of Lynbrook, for want of notice.

2. Judgment-over was granted to Long Island Water Corporation against S. T. Grand, Inc., its contractor, upon an express contract of indemnity, upon trial before the court on consent of the parties.

county might be liable.[3] This position was confirmed to the county by letter dated April 2, 1969. On January 20, 1972 the county commenced the instant action. The ground upon which the county sought a declaration that the insurer's disclaimer was improper is that the contract of insurance covered bodily injury liability occasioned by all independent contractors working on the Atlantic Avenue project. As an alternative ground, in the event the policy not be so construed, the county claims that the insurer's unconditional defense of the county in the Cosgrove action, with the disclaimer coming five years after the insurer undertook that defense, constituted a waiver of any right the insurer might have had to disclaim liability. On the original cross motions for summary judgment, Special Term held that the policy did not cover the operations of any entity except Ralph Jannotta, Inc. We agree and base our determination on the portions of the policy quoted above. However, Special Term went on to hold, on the ground of estoppel to assert the defense of nonliability, that an issue of fact existed as to whether the county was prejudiced by reason of the insurer's disclaimer (see *O'Dowd* v. *American Sur. Co. of N.Y.*, 3 N Y 2d 347). Accordingly, Special Term denied the motion and cross motion. We disagree and hold that prejudice was established as a matter of law. Accordingly, the order dated November 8, 1972 must be reversed and the county's motion for summary judgment granted. When the insurer undertook to defend the county in the Cosgrove action it undertook the complete and unconditional defense of the county. By failing to assert the requested cross claim on behalf of the county against the other defendants in that action the county's right to prove that it was entitled to a recovery over against the Long Island Water Corporation and S. T. Grand, Inc., was lost and the insurer was able to cast liability upon the remaining defendants in that action, including the very defendant whose defense it had assumed, by proving that Ralph Jannotta, Inc. had had nothing to do with the defect in the sidewalk. When this tactic succeeded, the insurer disclaimed liability, leaving the county without a basis for a defense against a direct recovery against it upon some other theory.[4] The insurer's letter of May 19, 1964, stating that a cross claim was inadvisable and that a separate written contract of complete indemnity was unnecessary because it was the insurer's intention to defend the county within its coverage, was blissfully silent on the insurer's interpretation of the scope of its coverage. This letter misled the county into believing that it was fully protected and gave no warning as to the insurer's adopting of an inconsistent position, as to which the county did not receive notice for about five years. We reject the insurer's argument that it disclaimed liability as soon as was

3. The county took an appeal to this court from only so much of the judgment as was against it. S. T. Grand, Inc. took a similar appeal. Our order of conditional reversal and granting a new trial was based solely on excessiveness of damages (*Cosgrove* v. *S. T. Grand, Inc.*, 35 A D 2d 564).

4. The plaintiff in the Cosgrove action had two theories of recovery against the county. The first was that the county was liable for the alleged negligence of its general contractor Ralph Jannotta, Inc. This theory failed for want of proof. The second was that the county was liable because it had authorized work to be performed in its streets by the Long Island Water Corporation which work "became a nuisance thereafter or otherwise caused injury to person or property through the negligent manner in which the work was performed, and the * * * [municipality] had knowledge or was charged with notice of the existence of the dangerous condition or of the negligent manner in which the work was performed" (*Ehret* v. *Village of Scarsdale*, 269 N. Y. 198, 204).

possible, i.e., when the Cosgrove action was dismissed as against Ralph Jannotta, Inc. at the end of the entire case. The complaint in that action alleged negligence on the part of the county. Disclaimer at the point when that complaint was served, about five years before the trial, was certainly possible and, from the county's point of view, essential to a complete and proper defense of the action. Accordingly, untimeliness of the disclaimer by the insurer, which had undertaken the complete defense of the Cosgrove action, notwithstanding knowledge of a defense against its policy for over five years, is clearly established, as is prejudice to the county; and the county is therefore entitled to summary judgment (*O'Dowd* v. *American Sur. Co. of N. Y.*, 3 N Y 2d 347, *supra*). Munder, Acting P. J., Latham, Shapiro and Benjamin, JJ., concur.