■ HARTFORD INSURANCE GROUP, Appellant, v ABEL D. MELLO et al., Respondents, et al., Defendants. — In an action to declare that the insurance policy issued by the plaintiff did not cover certain alleged claims of defamation made against defendants Abel D. Mello, Julian Eisenreich, and William H. Sudderth, plaintiff appeals from an order of the Supreme Court, Westchester County, dated July 10, 1980, which denied its motion for summary judgment, granted said defendants' cross motion for summary judgment dismissing the complaint and ordered plaintiff to continue the defense in the action entitled Arnold Abrams v Abel D. Mello. Order modified, on the law,

by deleting that part of the order dismissing plaintiff's complaint. As so modified, order affirmed, with $50 costs and disbursements payable to respondents. In this declaratory judgment action, plaintiff, the Hartford Insurance Group, seeks to disclaim coverage under a comprehensive liability insurance policy issued to the Board of Fire Commissioners of the Fairview Fire District, Town of Greenburgh. The policy, issued May 5, 1976, included coverage against claims of personal injury arising out of defamatory statements made by members of the insured. The board sought such a policy after it received a notice of claim from Dr. Arnold Abrams, who had been replaced as the fire district's physician and deputy fire chief, after a change in the board's personnel. Abrams alleged that certain statements made by board members at the meeting during which he was fired, and which were published in a local newspaper on January 21, 1976, were defamatory. Abrams filed a second notice of claim against the board after additional allegedly defamatory statements by board members were published. Abrams then commenced a defamation action against the individual members of the board (the insured), and others, by service of a summons dated December 21, 1976. Hartford, on behalf of the insured, retained counsel to defend the defamation action. Hartford did not give the insured notice of a reservation of its right to deny coverage or disclaim coverage, but proceeded with a complete defense. On behalf of the insured an answer to the complaint was prepared and filed, a demand for a bill of particulars was prepared and filed and Abrams' deposition was taken. On January 29, 1979, two years after the underlying defamation action was commenced, Hartford brought the instant action seeking to disclaim coverage under the policy. By this time, the defamation action already had been placed on the Trial Calendar and Hartford obtained an order staying trial of the underlying action pending determination of the instant suit. The insured contended at Special Term and on this appeal that Hartford should be estopped from disclaiming coverage under the policy. We agree. Where an insurer defends an action on behalf of an insured, with knowledge of a defense to the coverage of the policy, it thereafter is estopped from asserting that the policy does not cover the claim (see *Schiff Assoc. v Flack,* 51 NY2d 692; *O'Dowd v American Sur. Co. of N.Y.,* 3 NY2d 347, 355; *Hartford Acc. & Ind. Co. v Insurance Co. of North Amer.,* 80 AD2d 842; *Touchette Corp. v Merchants Mut. Ins. Co.,* 76 AD2d 7, 12; *Reliance Ins. Cos. v Daly,* 38 AD2d 715). Notice of a disclaimer must be timely in order to reserve the insurer's right, while defending the action, to claim the policy does not cover the situation at issue (see *O'Dowd v American Sur. Co. of N.Y., supra;* cf. *Newman v Ketani,* 54 AD2d 926). An estoppel will lie only if the insured has been prejudiced by the insurer's actions (see *O'Dowd v American Sur. Co. of N.Y., supra; Touchette Corp. v Merchants Mut. Ins. Co., supra; County of Nassau v Royal Globe Ins. Co.,* 42 AD2d 755). At bar, Hartford had knowledge of noncoverage two years prior to the institution of the declaratory judgment action by virtue of its receipt of the Abrams complaint and bill of particulars and its examination before trial of Abrams. There is no doubt that Hartford knew the effective date of its policy. A disclaimer two years after knowledge of noncoverage, during which time Hartford had assumed the complete defense of the defamation action, and after the underlying action had been placed on the Trial Calendar, cannot be considered timely and is prejudicial as a matter of law (see *County of Nassau v Royal Globe Ins. Co., supra).* The prejudice to the insured is evidenced further by the placement on the Trial Calendar of the defamation action without giving the insured an opportunity to seek additional pretrial disclosure and the failure of Hartford to assert an affirmative

defense with respect to Abrams' alleged failure to comply with the notice of claim provisions of sections 50-e and 50-i of the General Municipal Law. Therefore, Hartford is estopped from disclaiming coverage of the defamation action and must continue its defense on behalf of the insured. We note that rather than dismissing the complaint, Special Term should have only issued a declaration setting forth the rights of the parties. Margett, J.P., O'Connor, Weinstein and Thompson, JJ., concur.