RICHARD SPINOSA, Respondent, v HARTFORD FIRE INSURANCE COMPANY, Appellant, et al., Defendant. — Appeal from an order of the Supreme Court at Special Term (Pennock, J.), entered March 25, 1982 in Albany County, which, *inter alia,* granted plaintiff's motion for partial summary judgment. In 1975, Olin Bleau and Bleau's Towing Service (Bleau) commenced an action in Federal District Court against the Town of Bethlehem, the town's police chief and certain police officers, not including plaintiff Richard Spinosa, seeking damages for violation of their civil rights based upon allegations that the defendants conspired to deprive Bleau of business opportunities. Hartford Insurance Company, the town's insurer, undertook the defense of the Federal action but advised the town of the policy's limitations. Thereafter, on March 4, 1977, Bleau started an action in New York State Supreme Court for alleged violation of constitutional rights, false arrest, malicious prosecution, libel,

slander and intentional tort against the Town of Bethlehem, the town's police chief and certain police officers, including plaintiff Richard Spinosa. Hartford again undertook the defense of the town and an answer was served which included an appearance on behalf of Spinosa. However, by letter dated July 23, 1979, Hartford notified Spinosa that he was not covered by the town's policy and that Hartford would not defend or indemnify him in the State court action. Spinosa retained separate counsel who actively participated in the Bleau State action. Spinosa's attorney opposed a motion by the attorneys retained by Hartford to withdraw from the action due to a potential conflict of interest. Special Term, by order dated July 30, 1980, granted the attorneys' motion to withdraw "without prejudice of the rights of any defendant as they may or may not exist vis-a-vis Hartford Accident and Indemnity Company".* Thereafter, Special Term granted a motion to reargue but adhered to its original decision. On May 5, 1981, the Bleau State action was settled with all defendants, except Spinosa, who refused to accept the benefits of the settlement unless Hartford paid his attorney's fees. Hartford refused and a dismissal of Bleau's action against Spinosa was granted with leave to resue the action for malicious prosecution against Spinosa within six months. Bleau resued and Spinosa's retained attorney forwarded a copy of the complaint to Hartford. Hartford refused to provide Spinosa with a defense in the resued Bleau action. Spinosa, in response to Hartford's refusal to provide him with a defense, commenced the present action against Hartford and the Town of Bethlehem demanding judgment for the cost of his attorney's fees in the amount of $16,701.80. After Hartford served its answer, Spinosa moved for summary judgment on the issue of Hartford's liability and for an assessment of damages. Special Term granted the motion and this appeal by Hartford ensued. Special Term erred in holding, as a matter of law, that Hartford's disclaimer of coverage for Spinosa was ineffective pursuant to subdivision 8 of section 167 of the Insurance Law. Subdivision 8 provides: "If under a liability policy delivered or issued for delivery in this state, an insurer shall disclaim liability or deny coverage *for death or bodily injury arising out of a motor vehicle accident or any other type of accident occurring within this state,* it shall give written notice as soon as is reasonably possible of such disclaimer" (emphasis added). The above-cited subdivision does not apply where, as here, there was no "death or bodily injury arising out of * * * any other type of accident occurring within this state" (Insurance Law, § 167, subd 8). This court, in *Zappone v Home Ins. Co.* (80 AD2d 661, 662, affd 55 NY2d 131), described "the wording of the statute [as] clear and unequivocal". Further, the allegations of tort by Bleau against Spinosa, encompassing acts requiring intent, do not fall within the meaning of "accident" as used in subdivision 8 of section 167. "Accident" connotes something unexpected or unintended. Turning to the second ground of estoppel relied upon by Special Term in granting summary judgment on the issue of liability to plaintiff, we are of the view that Special Term also erred. While it is uncontested that plaintiff Spinosa was not a named insured under the policy issued by Hartford to the Town of Bethlehem, it is nevertheless possible for an insurer to be estopped from denying coverage if, with knowledge of a defense to the coverage of the policy, it continues its representation for an unreasonable length of time (*Hartford Ins. Group v Mello,* 81 AD2d 577). However, here, the factual pattern does not fall within the *Mello* holding. Hartford's disclaimer was made almost two years before trial. Plaintiff not only had the opportunity to join in the defense of the action, he did in fact retain independent counsel

---

\* In the order appealed from, Special Term directed that the name of the defendant insurer be changed from "Hartford Insurance Group", with which "Hartford Accident and Indemnity Company" is apparently associated, to "Hartford Fire Insurance Company."

who raised the coverage issue in response to the motion to withdraw made by the attorneys retained by Hartford. Further, Special Term, in granting the motion to allow the attorneys to withdraw, advised Spinosa to bring a separate action against Hartford to resolve the issue. Spinosa failed to do this until the Bleau State action was settled by all the other named defendants. Clearly, these facts, at the very least, are sufficient to render the issue of whether plaintiff was prejudiced by Hartford's disclaimer, after having initially provided Spinosa a defense, a question of fact (see *O'Dowd v American Sur. Co. of N. Y.,* 3 NY2d 347). Order modified, on the law, by reversing that portion which granted plaintiff's motion for summary judgment against Hartford Fire Insurance Company on the second cause of action contained in the complaint, and, as so modified, affirmed, with costs awarded to abide the event. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.

