■ DRYDEN MUTUAL INSURANCE COMPANY, Respondent, v SANDRA J. MICHAUD, Appellant, et al., Defendants.—Casey, J. Appeal from an amended order and judgment of the Supreme

Court at Special Term (Tait, Jr., J.), entered January 29, 1985 in Tompkins County, which, *inter alia,* granted plaintiff's motion for summary judgment and declared that plaintiff had no duty to defend or indemnify defendant Sandra Jeanne Michaud.

A negligence suit was commenced on June 27, 1983 by defendant Lenore J. Redolphy and her husband against defendant Sandra Jeanne Michaud for damages for injuries sustained by Mrs. Redolphy on February 19, 1982 in a fall on the steps of the Michaud residence. At the time of her fall, Mrs. Redolphy was on the Michaud premises to have her hair done. Michaud admits that she conducted a hairdressing business in one room of her residence on a part-time basis and that Mrs. Redolphy had been a weekly customer for 4 to 6 years. This suit prompted plaintiff, Michaud's insurer, to institute this action for a declaratory judgment to relieve it from defending and indemnifying Michaud in the underlying negligence action. Plaintiff's attempted disclaimer arises out of an exclusion contained in the homeowners' liability policy issued to Michaud, insofar as it provides that "[t]his policy does not apply * * * (d) to bodily injury or property damage arising out of business pursuits of any Insured except activities therein which are ordinarily incident to non-business pursuits". We do not need to decide the effect of this exclusion, however, since our determination in this appeal is based on other grounds.

The complaint in the negligence action does not mention the reason why Mrs. Redolphy was on the premises. It states simply that she was "lawfully" there. The Redolphy accident would, therefore, be a risk covered by the policy except for the exclusion. In such circumstances, Insurance Law § 3420 (d) (as renum by L 1984, ch 367) applies *(Zappone v Home Ins. Co.,* 55 NY2d 131). That section provides: "If under a liability policy * * * an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident or *any other type of accident* occurring within this state, it shall give written notice *as soon as is reasonably possible of such disclaimer of liability or denial of coverage* to the insured and the injured person or any other claimant" (Insurance Law § 3420 [d]; emphasis supplied). Under this statute, it is not necessary to show prejudice caused by the delay *(Allstate Ins. Co. v Gross,* 27 NY2d 263, 269), and it has been held that a delay of two months is unreasonable as a matter of law where no explanation is offered for the delay *(Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028, 1030).

In this case, Michaud notified her insurance agent on the

same day that the fall occurred, February 19, 1982. On March 24, 1982, plaintiff's adjusters obtained a statement from Michaud concerning the facts of the accident, which informed plaintiff, at least constructively, that the accident happened in the course of Michaud's hairdressing business. It was not until April 21, 1982 that plaintiff's adjusters, by letter, informed Michaud and her personal attorney that in the adjusters' opinion the accident was excluded from coverage under the business pursuits exclusion. When so informed, Michaud again called her insurance agent, who informed her that although there was no coverage, she did not need a lawyer to defend herself.

In June 1983, the Redolphy negligence action was commenced against Michaud. The summons and complaint were forwarded to plaintiff in July 1983 and, although Michaud's personal attorney answered that complaint on Michaud's behalf on July 8, 1983, plaintiff's attorneys advised Michaud's personal attorney on July 11, 1983 that they would undertake the defense of the Redolphy action and would forward a consent and substitution of attorneys to Michaud's personal attorney. On July 19, 1983, the signed consent was returned to plaintiff, and its attorneys undertook the defense of the Redolphy action. On February 1, 1984, plaintiff's attorneys notified Michaud's personal attorney that they did not believe the Redolphy claim was covered by the policy. Despite the representation afforded to Michaud by plaintiff's attorneys for seven months, plaintiff commenced this declaratory judgment action against the Redolphys and Michaud on April 13, 1984.

The representation by plaintiff's attorneys for such an unreasonable length of time, while plaintiff was or should have been possessed of knowledge of facts giving rise to its defense to coverage on the policy, results in an estoppel preventing plaintiff from disclaiming (see, Hartford Ins. Group v Mello, 81 AD2d 577). Here, as in Hartford, plaintiff or its adjuster had knowledge of the facts governing the exclusion in its policy as early as March 24, 1982, yet did not commence this declaratory judgment action until April 13, 1984. The control plaintiff exercised over the early stages of the litigation for seven months, together with the delay preceding the institution of its declaratory judgment action, is prejudicial to Michaud as a matter of law (see, County of Nassau v Royal Globe Ins. Co., 42 AD2d 755). Therefore, plaintiff is estopped from disclaiming coverage (see, Hartford Ins. Group v Mello, supra). As a direct consequence of plaintiff's breach of its duty to defend, Michaud incurred the expenses of defending this declaratory

judgment action, including counsel fees, all of which are compensable *(American Consumer Ins. Co. v Goslin,* 97 AD2d 890).

Furthermore, plaintiff must continue the defense of Michaud in the negligence action *(see, Hartford Ins. Group v Mello, supra,* p 579). We do not find that the representation afforded Michaud previously in that action for seven months creates a conflict of interest requiring the disqualification of plaintiff's attorney from continuing. The Redolphys have alleged only a cause of action that sounds in negligence which can be defended without causing or creating a conflict of interest between the interests of Michaud and plaintiff. We do not find here the kind of conflict which arises when the complaint sounds in different theories of liability, some of which would be covered and some of which would not be *(see, Prashker v United States Guar. Co.,* 1 NY2d 584). Plaintiff's defense of Michaud must therefore continue *(Hartford Ins. Group v Mello, supra).*

Order and judgment reversed, on the law, with costs, plaintiff's motion denied and defendant Sandra Jeanne Michaud's cross motion for summary judgment granted to the extent of declaring that plaintiff owes her the duty to defend and indemnify in the underlying negligence action commenced against Michaud by Lenore J. Redolphy and Raymond L. Redolphy. Main, J. P., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.