■ JAMES P. CORCORAN, as Superintendent of Insurance of the State of New York, Respondent, v ABBOTT SOMMERS, INC., Appellant, et al., Defendant.—In an action for a judgment declaring, inter alia, that the plaintiff has no obligation to defend or indemnify the defendant Abbott Sommers, Inc., in an action entitled Consolidated Edison Co. v Koppers Co. (index No. 23968/80), pending in the Supreme Court, Kings County, Abbott Sommers, Inc., appeals from an order of the Supreme Court, Kings County (Levine, J.), dated November 23, 1987, which granted the plaintiff's motion for summary judgment and denied its cross motion for summary judgment.

Ordered that the order is modified by adding thereto a provision declaring that the plaintiff has no obligation to defend or indemnify Abbott Sommers, Inc., in the action entitled *Consolidated Edison Co. v Koppers Co.* (index No. 23968/80) pending in the Supreme Court, Kings County; as so modified, the order is affirmed, with costs to the plaintiff.

In September 1979 Consolidated Edison (hereinafter Con Ed) commenced an action against Koppers and Abbott Sommers, Inc. (hereinafter Abbott) arising from an allegedly defective Koppers brand roofing system which had been installed by Abbott. The complaint asserted four causes of action. The first two causes of action sounded in contract, the third alleged negligent installation and claimed that the roof leaked water which caused damage to the interior, and the final cause of action was grounded in fraud. Abbott held a general liability policy issued by Cosmopolitan Mutual Insurance Company (hereinafter Cosmopolitan), which took over the defense of the action on Abbott's behalf. Approximately three years after the commencement of the Con Ed action, the plaintiff Superintendent of Insurance was appointed liquidator of Cosmopolitan. In November 1983, the Superintendent wrote to Abbott advising it that upon his review of the complaint only the plaintiff's claim for interior damage was covered by the policy. The Superintendent reserved his rights and invited Abbott to have its attorney participate in the defense. In January 1984 Con Ed conceded, during the course of an examination before trial, that it would not pursue its claim for interior damage to the premises. In response to a notice to admit served by the Superintendent, Con Ed acknowledged that it sought damages solely for the replacement of the roof. By letter dated September 26, 1985, the Superintendent informed Abbott that inasmuch as the only cause of action covered by the policy had been discontinued, "the circumstances would strongly warrant your firm taking over the legal defense of this lawsuit in your behalf." The action was on the Trial Calendar and Abbott refused to take over the defense. By letter dated April 22, 1986, the Superintendent advised Abbott that he was "compelled to disengage from this litigation". The Superintendent then commenced this action for a judgment declaring, *inter alia,* that he was not obligated to defend or indemnify Abbott in the underlying Con Ed action.

The Supreme Court granted the Superintendent's motion for summary judgment, finding that the "totality of the circumstances favors the plaintiff". We agree.

It is well settled that neither statute nor existing legal

authority requires that notice of disclaimer be given in instances in which the insurance policy itself does not provide coverage *(Zappone v Home Ins. Co.,* 55 NY2d 131). While an insurer may, by its conduct, waive the right to assert noncoverage as a defense, mere delay is insufficient, absent statutory provisions, to estop disclaimer *(O'Dowd v American Sur. Co.,* 3 NY2d 347). As a general rule, where an insurer defends an action on behalf of its insured with knowledge of a defense to the coverage, it is thereafter estopped from asserting that the policy does not cover the claim *(Hartford Ins. Group v Mello,* 81 AD2d 577). It has recently been recognized, however, that inasmuch as an insurer's duty to defend is a broad one, the insurer still has a duty to defend in those instances where some of the claims asserted fall within an exclusion to the policy coverage *(Apache Foam Prods. v Continental Ins. Co.,* 139 AD2d 933). Accordingly, the insurer's defense of the action in the present case, where one cause of action was covered, is not conduct which would estop it from subsequently denying coverage for the remaining causes of action.

Insurance Law § 3420 (d) (former § 167 [8]), which pertains to coverage for deaths or bodily injury arising from an accident and precludes an untimely disclaimer without a showing of prejudice, is not applicable to this action *(see, Allstate Ins. Co. v Gross,* 27 NY2d 263; *Spinosa v Hartford Fire Ins. Co.,* 90 AD2d 574). Inasmuch as the insured failed to demonstrate actual prejudice by virtue of the insurer's conduct, the insurer should not, on this record, be estopped from disclaiming coverage as to the remaining causes of action *(see, O'Dowd v American Sur. Co., supra).* Mangano, J. P., Weinstein, Kooper and Balletta, JJ., concur.