■ BLUEPRINT PLUMBING CORPORATION, Respondent, v KREIS-LER BORG FLORMAN CONSTRUCTION COMPANY, INC., et al., Defendants, and RAYPAK, INC., et al., Appellants.—In an action, inter alia, to recover damages for breach of an insurance contract, (1) the defendants Raypak, Inc., and Cushing Equipment, Ltd., appeal from a judgment of the Supreme Court, Westchester County (Reilly, J.H.O.), dated October 15, 1987, which, after a nonjury trial, inter alia, was in favor of the plaintiff and against them in the principal sum of $19,609.42, (2) the defendant Webster Plumbing Supply, Inc., separately appeals from so much of the same judgment as is in favor of the plaintiff and against it, and (3) the defendant United States Fire Insurance Company appeals, as limited by its brief, from so much of the same judgment as awarded legal fees to the plaintiff.

Ordered that the judgment is reversed insofar as appealed from by United States Fire Insurance Company, on the law, and the plaintiff's application for legal fees is denied; and it is further,

Ordered that the appeals of the defendants Raypak, Inc., and Cushing Equipment, Ltd., and the appeal of the defendant Webster Plumbing Supply, Inc., are dismissed, for failure to perfect the same in accordance with the rules of this court (22 NYCRR 670.20 [d], [f]).

Ordered that United States Fire Insurance Company is awarded one bill of costs payable by Blueprint Plumbing Corporation.

We agree with the defendant United States Fire Insurance Company that the Supreme Court erred as a matter of law in awarding legal fees to the plaintiff. It is the rule in this State that the award of legal fees "may not be had in an affirmative action brought by an injured to settle its rights * * * but only when the insured has been cast in a defensive posture by the

legal steps an insurer takes in an effort to free itself from its policy obligations" *(Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12, 21; *see also, Johnson v General Mut. Ins. Co.,* 24 NY2d 42). Since the cause of action asserted against the United States Fire Insurance Company amounted to an affirmative action by the insured to settle its rights, the plaintiff was not entitled to an award of legal fees. Bracken, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.