■ HARTFORD ACCIDENT & INDEMNITY COMPANY, Respondent, v CARSON C. PECK MEMORIAL HOSPITAL et al., Respondents-Appellants, TRANSPORTATION INSURANCE COMPANY et al., Appellants-Respondents, et al., Defendant.—In an action for a judgment declaring, *inter alia,* that the plaintiff Hartford Accident & Indemnity Company is not liable to defend and/or indemnify the respondents-appellants in certain negligence actions instituted against them, (1) the defendants Transportation Insurance Company and American Casualty Company of Reading, Pennsylvania, appeal, as limited by their briefs, from so much of an order of the Supreme Court, Kings County (G. Aronin, J.), dated September 29, 1988, as granted the respective motions of the respondents-appellants and the plaintiff-respondent for summary judgment in their favor and denied their cross motion for summary judgment in their favor, and (2) the defendants Carson C. Peck Memorial Hospital, Carson C. Peck Memorial Division of Methodist Hospital of Brooklyn, and Methodist Hospital of Brooklyn appeal from an order of the same court entered August 28, 1989, which denied their motion for reimbursement by the defendants Transportation

Insurance Company and American Casualty Company of Reading, Pennsylvania, for costs and expenses incurred in defending the instant declaratory judgment action.

Ordered that the order dated September 29, 1988, is affirmed, with one bill of costs to the defendants Carson C. Peck Memorial Hospital, Carson C. Peck Memorial Division of Methodist Hospital of Brooklyn, Methodist Hospital of Brooklyn, and the plaintiff; and it is further,

Ordered that the order entered August 28, 1989, is affirmed, with one bill of costs to the defendants Transportation Insurance Company and American Casualty Company of Reading, Pennsylvania.

The defendants Carson C. Peck Memorial Hospital (hereinafter Peck) and Methodist Hospital of Brooklyn (hereinafter Methodist) were consolidated in 1969. Pursuant to the consolidation agreement, Methodist assumed all of Peck's insurance policies, liabilities, and obligations. These liabilities included two negligence causes of action, which arose from services rendered by Peck. The first of these actions, entitled *Cullen v Methodist Hosp.* (index No. 7326/83), now pending in the Supreme Court, Kings County, arose from services rendered by Peck during 1966. The second action entitled *Silverman v Various Defendants* (index No. 9163/84), also now pending in the Supreme Court, Kings County, arose from services rendered by Peck during 1963 and 1964. At the time the alleged negligence was committed, Peck was insured by the defendants Transportation Insurance Company (hereinafter Transportation) and American Casualty Company of Reading, Pennsylvania (hereinafter American). Hartford Accident and Indemnity Company (hereinafter Hartford), Methodist's insurer, assumed Methodist's defense in the *Cullen* and *Silverman* actions and, upon learning that Transportation and American insured Peck at the time the alleged negligence occurred, notified those insurers of their obligation to indemnify and defend Methodist in those actions. Hartford then brought this action for a judgment declaring the rights and liabilities of the concerned parties.

The court properly granted summary judgment declaring that Transportation and American are obligated to defend and indemnify Methodist. The alleged negligence underlying the *Silverman* and *Cullen* actions occurred at Peck during 1963 and 1964, and 1966, respectively. On the dates in question, Peck was insured by Transportation and American and not Hartford.

Transportation and American are incorrect in their assertion that Hartford is estopped from disclaiming its obligation to defend and indemnify Methodist because Hartford assumed Methodist's defense. "While an insurer may, by its conduct, waive the right to assert noncoverage as a defense, mere delay is insufficient, absent statutory provisions, to estop disclaimer *(O'Dowd v American Sur. Co.,* 3 NY2d 347). As a general rule, where an insurer defends an action on behalf of its insured with knowledge of a defense to the coverage, it is thereafter estopped from asserting that the policy does not cover the claim *(Hartford Ins. Group v Mello,* 81 AD2d 577)" *(Corcoran v Abbott Sommers, Inc.,* 143 AD2d 874, 876). "Notice of a disclaimer must be timely in order to reserve the insurer's right, while defending the action, to claim the policy does not cover the situation at issue. * * * An estoppel will lie only if the insured has been prejudiced by the insurer's actions" *(Hartford Ins. Group v Mello, supra,* at 578). Upon learning that Peck was insured by Transportation and American at the time the alleged negligence occurred, Hartford contacted Methodist and informed the latter that it (Hartford) was not obligated to defend Peck on the underlying claims. This notice of noncoverage reserved Hartford's right to defend Methodist while maintaining its assertion that it was not obligated to do so *(see, Hartford Ins. Group v Mello, supra,* at 578). Additionally, the record does not indicate that the underlying actions were placed on the Trial Calendar at the time Hartford disclaimed its coverage. Thus, Hartford's actions did not prejudice Methodist and no estoppel lies against Hartford *(Hartford Ins. Group v Mello, supra,* at 578).

Methodist is not entitled to the reimbursement of counsel fees expended in this declaratory judgment action. "It is the rule in this State that the award of legal fees 'may not be had in an affirmative action brought by an insured to settle its rights * * * but only when the insured has been cast in a defensive posture by the legal steps an insurer takes in an effort to free itself from its policy obligations' *(Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12, 21; *see also, Johnson v General Mut. Ins. Co.,* 24 NY2d 42)" *(Blueprint Plumbing Corp. v Kreisler Borg Florman Constr. Co.,* 147 AD2d 518, 519; *see also, Barry v Romanosky,* 147 AD2d 605). Hartford instituted this declaratory judgment action against Peck, Methodist, Transportation and American. Peck and Methodist cross-claimed against Transportation and American. Transportation and American then cross-moved for summary judgment dismissing the claims asserted by Hartford, Peck, and Methodist.

Thus, Methodist was put in a defensive posture by Hartford and in turn sought affirmative relief from American and Transportation. Since Methodist, by seeking affirmative relief against American and Transportation, placed Transportation and American in a defensive posture, it cannot recover counsel fees *(see, Mighty Midgets v Centennial Ins. Co., supra,* at 21).* Bracken, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.