■ NATIONAL INDEMNITY COMPANY, Respondent, v RYDER TRUCK RENTAL, INC., et al., Appellants, et al., Defendants. [646 NYS2d 169] —In an action for a judgment declaring, *inter alia,*

that the plaintiff, National Indemnity Company, is not liable to defend and/or indemnify the defendants Ryder Truck Rental, Inc., and Old Republic Insurance Company in a negligence action commenced against them, the defendants Ryder Truck Rental, Inc., and Old Republic Insurance Company appeal from an order of the Supreme Court, Queens County (Goldstein, J.), dated May 1, 1995, which denied their motion for summary judgment.

Ordered that the order is affirmed, with costs.

This appeal involves a motor vehicle accident between a vehicle owned by Ryder Truck Rental Inc. (hereinafter Ryder), and another vehicle driven by Salvatore Samaritano. Ryder had engaged National Trucking Company (hereinafter NTC) to drive its vehicle between two locations. The plaintiff, National Indemnity Company (hereinafter National), the insurer of NTC, undertook to defend Ryder in Samaritano's ensuing personal injury action. Approximately three years later, National notified Ryder that there may be no coverage for Ryder's vehicle under the subject policy because it was not a "covered vehicle". National further advised that it may continue to defend the action but reserved its right to disclaim coverage under the policy. In response, Ryder demanded that National continue to handle the matter and, in fact, National continued to provide a defense for Ryder. On August 7, 1990, National commenced this declaratory judgment action against, *inter alia,* Ryder and Ryder's insurer, Old Republic Insurance Company. The motion of Ryder and Old Republic Insurance Company for summary judgment, *inter alia,* on estoppel grounds, was denied by the Supreme Court. We affirm.

"As a general rule, where an insurer defends an action on behalf of its insured with knowledge of a defense to the coverage, it is thereafter estopped from asserting that the policy does not cover the claim" *(Corcoran v Abbott Sommers, Inc.,* 143 AD2d 874, 876). The recognition of such an estoppel has as its basis the detrimental reliance suffered by the insured in the loss of the right to control its own defense *(see, General Acc. Ins. Co. v United States Fid. & Guar. Ins. Co.,* 193 AD2d 135, 138). As such, an estoppel will lie only if the insured has demonstrated that it has been prejudiced by the insurance carrier's actions *(see, Hartford Ins. Group v Mello,* 81 AD2d 577, 578).

In this case, there are questions of fact as to whether Ryder was prejudiced by National's delay in reserving its right to disclaim coverage. Among these is the viability of any claim

that Ryder may have had against NTC prior to NTC's discharge in bankruptcy. Rosenblatt, J. P., Ritter, Pizzuto and Altman, JJ., concur.