■ INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Appellant, v CHARTER OAK INSURANCE COMPANY et al., Respondents, et al., Defendants. [653 NYS2d 135] —In an action for a judgment declaring, *inter alia,* that the plaintiff is under no duty to defend or indemnify the defendant North Shore Agency in the personal injury action entitled *Kelley v North Shore Agency, Inc.* (Nassau County Index No. 2979/93), the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Segal, J.), dated January 25, 1996, which granted the separate motions of the defendants Charter Oak Insurance Company and Greystone Agency, Ltd., for summary judgment dismissing the complaint, and (2) a judgment of the same court dated February 13, 1996, which, upon the order dated January 25, 1996, dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law, by adding thereto a provision declaring that the plaintiff is obligated to defend and indemnify the defendant North Shore Agency, Inc.,

in the underlying action, and that the defendant Charter Oak Insurance Company is not obligated to defend and indemnify the North Shore Agency, Inc.; as so modified, the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The defendant Charter Oak Insurance Company issued a liability insurance policy to the defendant North Shore Agency, Inc. (hereinafter North Shore), for the period November 19, 1990, to November 19, 1991, and the plaintiff Indemnity Insurance Company of North America (hereinafter Indemnity) issued a general liability insurance policy to North Shore for the period June 1, 1991, to June 1, 1992. The defendant Douglas Kelley, the plaintiff in the underlying action, allegedly sustained injuries while on North Shore's premises on March 1, 1991, outside of the coverage period of Indemnity's policy. Nevertheless, the defendant Greystone Agency, Ltd. forwarded the complaint in the underlying action to Indemnity, and Indemnity appeared and undertook North Shore's defense.

Despite its prompt receipt of the complaint, which clearly indicated that the accident in question occurred outside of its coverage period, Indemnity defended North Shore in the underlying action for more than three years before commencing this action seeking a declaration that it had no duty to defend or indemnify North Shore. Indemnity represented North Shore in all pretrial matters and certified the matter as ready for trial. Because Indemnity assumed North Shore's defense without reserving its right to disclaim coverage, we agree with the Supreme Court's conclusion that it is equitably estopped from denying coverage (see, Schiff Assocs. v Flack, 51 NY2d 692, 699; Hartford Ins. Group v Mello, 81 AD2d 577; Touchette Corp. v Merchants Mut. Ins. Co., 76 AD2d 7; cf., Hartford Acc. & Indem. Co. v Peck Mem. Hosp., 162 AD2d 659; Smith Jean, Inc. v Royal Globe Ins. Cos., 139 AD2d 503; Annot, Liability Insurance: Insurer's defense of action as waiver or estoppel, 38 ALR2d 1148). The judgment has been modified to add an appropriate declaration (see, Lanza v Wagner, 11 NY2d 317, 334, appeal dismissed 371 US 74, cert denied 371 US 901).

We have considered Indemnity's remaining contentions and

find them to be without merit. Rosenblatt, J. P., Ritter, Friedmann and Florio, JJ., concur.