■ CAROLE A. REEVE, Respondent, v GENERAL ACCIDENT INSURANCE COMPANY OF NEW YORK, Appellant, and MARY E.

SKELLY, Respondent. [658 NYS2d 143] —Spain, J. Appeal from an order of the Supreme Court (Dawson, J.), entered June 5, 1996 in Washington County, which, *inter alia*, denied a motion by defendant General Accident Insurance Company of New York for summary judgment dismissing plaintiff's second cause of action.

This action arises out of a motor vehicle accident which occurred in January 1992. Plaintiff was a passenger in a vehicle operated by defendant Mary E. Skelly which collided with a vehicle operated by Thomas Coppens. At the time of the accident, Coppens was insured under a policy issued by Allstate Insurance Company; Coppens' policy had limits of $50,000 per person and $100,000 per accident. Skelly was insured under a policy issued by defendant General Accident Insurance Company of New York (hereinafter GA) with a bodily injury limit of $100,000 per person and $100,000 per accident. Skelly's policy also had supplemental underinsured motorist (hereinafter SUM) coverage, commonly known as underinsurance, of $100,000. Plaintiff and Skelly both made personal injury claims to Allstate under Coppens' policy. Allstate eventually offered the per person limit of Coppens' policy, $50,000, to both plaintiff and Skelly.

Plaintiff thereafter corresponded with GA to inform it of the progress of her claim against Allstate because, as GA stated, the policy limits of Coppens' Allstate policy would be a factor in determining whether plaintiff would qualify for Skelly's SUM coverage with GA. Plaintiff specifically informed GA that both she and Skelly had been offered the policy limits from Coppens' Allstate policy and eventually requested authorization from GA to settle with Allstate; she also simultaneously demanded tender of the policy limits of Skelly's SUM policy. GA refused to approve of any release of liability for Allstate or Coppens and therefore refused to authorize plaintiff's settlement with Allstate. GA thereafter, citing *Matter of Prudential Prop. & Cas. Co. v Szeli* (83 NY2d 681), informed plaintiff that neither she nor Skelly was eligible for SUM coverage because the SUM policy limits were, in GA's view, less than that of the Allstate policy.

Plaintiff commenced the present action against Skelly and GA alleging, *inter alia*, that GA was estopped from denying SUM coverage because it had previously failed to dispute plaintiff's eligibility and made representations that SUM coverage would be available. Skelly cross-claimed against GA requesting a declaration of her rights and also alleged that GA was estopped from denying coverage under the SUM policy.

GA moved for summary judgment dismissing the complaint in its entirety. Supreme Court granted GA's motion for summary judgment as to plaintiff's first cause of action after finding that plaintiff was not entitled to coverage under the SUM policy, but found triable issues of fact which precluded summary judgment on the estoppel cause of action. GA now appeals Supreme Court's failure to dismiss the estoppel cause of action.

We affirm. Plaintiff, in her second cause of action, alleges that based upon GA's actions and representations and her subsequent reliance thereon, GA is estopped from denying coverage.* In our view, GA's contention that estoppel principles may not be applied to created SUM coverage where none previously existed is disingenuous. GA responded to plaintiff's claim for SUM benefits on August 18, 1992. Thereafter, as late as January 3, 1995, GA continued to suggest that it intended to settle plaintiff's SUM claim. It was not until January 23, 1995, three years after the date of the accident and six months after the Court of Appeals' decision in *Matter of Prudential Prop. & Cas. Co. v Szeli* (*supra*), that GA first informed plaintiff of its determination that SUM coverage was not available to her.

Under the unique circumstances of this case, we conclude that Supreme Court properly denied GA's motion for summary judgment seeking dismissal of plaintiff's second cause of action. "[E]stoppel will only lie if the insured has demonstrated that [he/she] has been prejudiced by the insurance carrier's actions" (*National Indem. Co. v Ryder Truck Rental*, 230 AD2d 720, 721; *Hartford Ins. Group v Mello*, 81 AD2d 577). Further, estoppel is ordinarily a question of fact for trial (*see, Besicorp Group v Enowitz*, 235 AD2d 761, 764; *Amrep Corp. v American Home Assur. Co.*, 81 AD2d 325, 329). Here, correspondence between plaintiff and GA suggests that during the course of their dealings GA recognized plaintiff's claim to SUM coverage; whether plaintiff can establish that she relied to her detriment on GA's representations sufficiently to establish estoppel presents a triable issue of fact (*see, National Indem. Co. v Ryder Truck Rental, supra*). Notably, the change in the state of the law resulting from *Matter of Prudential Prop. & Cas. Co. v Szeli* (*supra*) does not constitute detrimental reliance.

Cardona, P. J., Mercure, Casey and Carpinello, JJ., concur. Ordered that the order is affirmed, with one bill of costs.

---

· * Skelly has submitted a brief in opposition to GA's brief, asserting that plaintiff's and Skelly's interests on the estoppel issue are "combined".