■ HOME INSURANCE COMPANY et al., Appellants, v NORTH AMERICAN SPECIALTY INSURANCE COMPANY, Respondent. [709 NYS2d 624] —In a subrogation action to recover benefits paid under a policy of insurance, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Cozzens, J.), dated August 19, 1999, which granted the defendant's motion to dismiss the complaint and denied their cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiffs, after settling a claim for property damage arising during a construction project, commenced this action against the defendant, the insurer of the negligent parties, to collect benefits under a general liability policy of insurance issued to the negligent parties. After issue was joined, the defendant moved to dismiss the complaint, arguing that the subject policy had been cancelled prior to the occurrence at issue and that, in any event, the policy did not provide coverage for the subject construction project because the insureds had not obtained an endorsement providing coverage for the project as required by the terms of the policy. The plaintiffs cross-moved for summary judgment, arguing that the policy cancellation was ineffective and that the defendant either waived its right to deny coverage or should be estopped from denying coverage. In the order appealed from, the Supreme Court, *inter alia,* dismissed the complaint. We affirm.

Although it appears that the defendant's notice of cancellation failed to comply with Insurance Law § 3426 (c) and was, therefore, ineffective, it is not disputed that no specific endorsement for the subject construction project was issued. Thus, the policy did not provide coverage for the project. On the facts presented, the doctrine of waiver is not applicable, and there is no basis to conclude that the defendant should be estopped from denying coverage (*see, Schiff Assocs. v Flack,* 51 NY2d 692; *Indemnity Ins. Co. v Charter Oak Ins. Co.,* 235 AD2d 521; *National Indem. Co. v Ryder Truck Rental,* 230 AD2d 720; *Hartford Ins. Group v Mello,* 81 AD2d 577). Accordingly, the complaint was properly dismissed. Ritter, J. P., Sullivan, S. Miller, Luciano and H. Miller, JJ., concur.