Johnson-Neuland v New York Mun. Ins. Reciprocal (2020 NY Slip Op 04655)





Johnson-Neuland v New York Mun. Ins. Reciprocal


2020 NY Slip Op 04655


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


335 CA 19-01236

[*1]KRISTYN JOHNSON-NEULAND, PLAINTIFF-APPELLANT,
v
NEW YORK MUNICIPAL INSURANCE RECIPROCAL, DEFENDANT-RESPONDENT. 






STANLEY LAW OFFICES, SYRACUSE (STEPHANIE VISCELLI OF COUNSEL), FOR PLAINTIFF-APPELLANT.
CONGDON, FLAHERTY, O'CALLAGHAN, REID, DONLON, TRAVIS & FISHLINGER, UNIONDALE (AVIS SPENCER DECAIRE OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Oswego County (Norman W. Seiter, Jr., J.), entered June 21, 2019. The order granted the motion of defendant insofar as it sought summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff, a parking attendant employed by the City of Oswego (City), was injured when the City police vehicle she was operating was struck by an underinsured motorist. Plaintiff sought supplementary uninsured/underinsured motorist (SUM) coverage from defendant as the City's insurer, but defendant denied coverage to plaintiff because she was driving a police vehicle when the accident occurred. Plaintiff subsequently commenced the instant action against defendant, seeking SUM coverage. Supreme Court granted defendant's motion insofar as it sought summary judgment dismissing the complaint. We affirm.
Plaintiff contends that defendant's motion for summary judgment was premature. We reject that contention inasmuch as plaintiff failed to demonstrate that additional discovery would lead to relevant evidence or give rise to an identifiable issue of fact (see State of New York v County of Erie, 265 AD2d 853, 853 [4th Dept 1999]; see also Nationwide Affinity Ins. Co. of Am. v Beacon Acupuncture, P.C., 175 AD3d 1836, 1837 [4th Dept 2019]).
We also reject plaintiff's contention that defendant and the City intended for the subject insurance policy to include SUM coverage for the subject vehicle. The insurance policy did not explicitly provide for SUM coverage for the subject vehicle, and it is well-settled that a police vehicle is not a motor vehicle for purposes of SUM coverage (see Matter of State Farm Mut. Auto. Ins. Co. v Fitzgerald, 25 NY3d 799, 820-821 [2015]; Matter of State Farm Mut. Auto. Ins. Co. v Amato, 72 NY2d 288, 294-295 [1988]).
Finally, we reject plaintiff's contention that defendant should be equitably estopped from denying SUM coverage. Defendant met its initial burden on the motion of establishing that it did not represent to plaintiff that SUM coverage existed, and plaintiff failed to raise an issue of fact in opposition. Contrary to plaintiff's contention, the evidence does not demonstrate that defendant made affirmative representations that SUM coverage existed and was available to her (see Reeve v General Acc. Ins. Co. of N.Y., 239 AD2d 759, 761 [3d Dept 1997]; see also U.S. Specialty Ins. Co. v Beale, 54 Misc 3d 880, 881-882 [Sup Ct, Dutchess County 2016]).
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court